UNITED STATES of America,
Plaintiff–Appellee,

v.

Davis Lamar McADAMS,
Defendant–Appellant.

No. 93–6362.

United States Court of Appeals,
Sixth Circuit.

Argued May 9, 1994.

Decided June 3, 1994.

Vivian R. Donelson, Asst. U.S. Atty. (argued and briefed), Memphis, TN, for plaintiff-appellee.

Doris A. Randle–Holt (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for defendant-appellant.

Before MARTIN and JONES, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge, delivered the opinion of the court in which MARTIN, Circuit Judge, joined. JONES, Circuit Judge (p. 376), delivered a separate concurring opinion.

CONTIE, Senior Circuit Judge.

Defendant-appellant, Davis Lamar McAdams, appeals the sentence he received after his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). For the following reasons, we affirm.

## I.

On November 16, 1992, defendant was indicted by the federal grand jury sitting in the Western District of Tennessee. The indictment charged defendant with possessing a firearm while being a convicted felon in violation of 18 U.S.C. § 922(g). Defendant was charged with possessing a Lorcin semi-automatic pistol while he had seven prior felony convictions. These convictions were set forth in a superseding indictment and were as follows:

1. On May 23, 1991, conviction for sale of a controlled substance—cocaine—in case number 90–16600 in the criminal court of Shelby County, Tennessee.

2. On May 23, 1991, conviction for aggravated robbery in case number 91–02242 in the criminal court of Shelby County, Tennessee.

3. On May 23, 1991, conviction for aggravated burglary in case number 91–03488 in the criminal court of Shelby County, Tennessee.

4. On May 23, 1991, conviction for aggravated robbery in case number 91–02243 in the criminal court of Shelby County, Tennessee.

5. On May 23, 1991, conviction for theft of property over $1,000 in case number 91–03055 in the criminal court of Shelby County, Tennessee.

6. On May 23, 1991, conviction for theft of property over $1,000 in case number 91–03486 in the criminal court of Shelby County, Tennessee.

7. On May 23, 1991, conviction for possession of an unlawful weapon in case number 91–03487 in the criminal court of Shelby County, Tennessee.

A trial commenced in the present case on June 7, 1993. The jury returned a verdict of guilty on June 8, 1993. A presentence report was filed on August 25, 1993.

A sentencing hearing was held on September 30, 1993. At the sentencing hearing, defendant challenged his designation as an armed career criminal under 18 U.S.C. § 924(e) and the presentence report's criminal history score of 16, resulting in a criminal history level of VI, pursuant to U.S.S.G. §§ 4A1.1, 4A1.2, and 4B1.4. In addition, defendant moved the district court to depart downward from the sentencing guidelines. The district court rejected defendant's objections to the presentence report as well as his request for a downward departure. The district court found that the armed career criminal designation under 18 U.S.C. § 924(e)(1) was correct because defendant had three prior convictions for either a violent felony or serious drug offense. The district court also rejected defendant's contention that his criminal history category should be level IV and not level VI. Defendant argued at the sentencing hearing that because he previously had entered guilty pleas to the seven felony cases set forth as predicate cases in the indictment in the present case on the same date, May 23, 1991, and before the same judge in the criminal court of Shelby, Tennessee, these convictions should be treated as "related" under U.S.S.G. § 4A1.2(a)(2) because they had been consolidated for sentencing. The district court noted that the state court judge, who had sentenced defendant for these seven offenses, had given no indication that he was consolidating these convictions for sentencing. The district

court also noted that defendant had filed a subsequent petition in state court asking the state court trial judge to indicate that he had consolidated these offenses for sentencing and that the state court judge had refused. The district court found this refusal to be highly persuasive that the state court had not intended that these seven cases be consolidated for sentencing. Therefore, the district court rejected defendant's arguments and sentenced him according to a criminal history category of VI. On September 30, 1993, defendant was sentenced to 235 months imprisonment followed by 3 years supervised release.

Defendant filed a timely notice of appeal. Defendant does not challenge the district court's decision that he was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4. Defendant challenges the district court's finding that his criminal history category was level VI.

## II.

■ In the present case, defendant is challenging the factual finding of the district court that his criminal history score was 16, resulting in a criminal history category level VI. We review the factual findings of the lower court under a clearly erroneous standard. *United States v. Coleman,* 964 F.2d 564, 566 (6th Cir.1992). Moreover, due deference is to be given by the appellate court to the lower court's application of the sentencing guidelines to the particular facts of a case.

■ Defendant argues that his criminal history category should be a level IV and not level VI, because he entered guilty pleas on the same date and before the same state court judge to the seven felony offenses, which are set forth in the indictment in the present case as the predicate convictions for being a convicted felon in possession of a firearm. Defendant argues that these seven sentences should be treated as one "related" sentence under U.S.S.G. § 4A1.2, Application Note 3, which states that prior sentences are considered to be related if they resulted from offenses that were consolidated for trial or for sentencing. U.S.S.G. § 4A1.2(a)(2) states that prior sentences imposed in unrelated

cases are to be counted separately, but prior sentences imposed in related cases are to be treated as one sentence. Defendant argues that because the seven predicate offenses were consolidated for sentencing, they are considered related and the sentences for these convictions should be treated as one sentence for purposes of §§ 4A1.1(a), (b), and (c). In addition to arguing that the seven predicate offenses were consolidated for sentencing because he entered pleas of guilty for all seven offenses at the same time before the same state court judge, defendant also argues that he was sentenced by the same state court judge on the same date to concurrent sentences.

In order to determine whether defendant's argument has any merit, it is necessary to examine the relevant sentencing guidelines. As noted earlier, defendant is not appealing his designation as an armed career criminal. To determine the criminal history category of an armed career criminal, the relevant guideline section is § 4B1.4(c) which provides:

(c) The criminal history category for an armed career criminal is the greater of:

(1) The criminal history category from Chapter 4, Part A (Criminal History), or section 4B1.1 (Career Offender) if applicable; or

(2) Category VI, if the defendant used or possessed a firearm or ammunition in connection with the crime of violence or controlled substance offense, as defined in section 4B1.21(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or

(3) Category IV.

The presentence report determined that the greatest of the alternative methods set forth under § 4B1.4(c) was subsection (1), which states that defendant's criminal history category should be computed from Chapter 4, Part A (Criminal History). The presentence report then set forth the total of defendant's criminal history points as follows to receive a total of 16 points.

(1) Defendant received one criminal history point under § 4A1.1(c) for a sentence on

July 7, 1989 for carrying a dangerous weapon.

(2) He received three criminal history points pursuant to § 4A1.1(a) for a sentence of nine years incarceration on May 23, 1991 for possession of a controlled substance with intent to distribute. The drug conviction arose from conduct committed by defendant on September 21, 1990 when he sold crack cocaine to an undercover officer.

(3) He received three criminal history points under § 4A1.1(a) for a sentence for theft of property on May 23, 1991. The theft of property offense occurred on or about November 25, 1990 and involved defendant's apprehension by police in a stolen vehicle. Defendant's sentence for this offense was four years incarceration to run concurrently to the sentence in (2) above.

(4) An additional three points were assessed as a result of a sentence on May 23, 1991 for the theft of property over $1,000, unlawful possession of a weapon, and aggravated burglary. This sentence was imposed for an offense committed between November 15, 1990 when the burglary occurred to November 17, 1990 when the police apprehended defendant with a stolen vehicle. The presentence report indicated that the police had found a sawed-off shotgun and property that had been stolen from a residence at 3830 Sylvan Hills Cove on November 15, 1990 in the stolen car and in defendant's house. The presentence report treated these three convictions as one. Defendant received sentences respectively of 1.3 years, 2.2 years and 3.4 years incarceration to run concurrently to each other and to the sentences received in (2) and (3) above.

(5) Defendant also received three criminal history points under § 4A1.1(a) for two aggravated robbery sentences on May 23, 1991. The robberies had occurred on November 18, 1990 at 9:30 p.m., when defendant and another person robbed two individuals in their home while armed with shotguns. Defendant received sentences of 1.9 years and 2.9 years incarceration to run concurrently to each other and to the sentences received in (2), (3) and (4) above.[1]

The criminal history points based on prior convictions totalled 13 points. In addition, defendant received two additional points under U.S.S.G. § 4A1.1(d) because he committed the present offense while on parole[2] and one additional point under U.S.S.G. § 4A1.1(e) because he committed the present offense less than two years after his release on June 22, 1992 from his terms of imprisonment for the May 23, 1991 state court sentences.

In the present case, defendant does not challenge the criminal history point given for the July 7, 1989 sentence for carrying a dangerous weapon (# 1 above). He does, however, challenge the 12 points assessed on the basis of the seven May 23, 1991 state court sentences, asserting that these seven sentences should be treated under the guidelines as one sentence because they resulted from offenses which were consolidated for sentencing. Defendant argues that the state court judge took guilty pleas to all seven offenses at the hearing of May 23, 1991 and entered a single order in regard to all seven indictments.

In regard to whether the seven sentences should be treated as one because they resulted from offenses that were consolidated for sentencing, the relevant guidelines are as follows. Section 4A1.2 defines a prior sentence as:

(a) *Prior sentence defined*

(1) The term "prior sentence" means any sentence previously imposed upon adjudi-

---

1. Defendant thus received twelve criminal history points because of the seven sentences he received in state court on May 23, 1991. Defendant argues that he should have been assessed only three points because the cases were consolidated for sentencing. Accordingly, his total criminal history points would have been 7 instead of 16, and his criminal history category would have been IV instead of VI, with a result-ing guideline range of 188–235 months (base offense level of 33, criminal history level IV). The district court found the guideline range to be 235–293 months (base offense level of 33, criminal history level VI).

2. Defendant was paroled on June 22, 1992 with a parole expiration date of August 1, 1999.

cation of guilt whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense.

(2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c).

A commentary to Application Note 3 of § 4A1.2 states the following in regard to related cases:

3. *Related cases.* Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest, (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

In the present case, pursuant to these guidelines, the presentence report determined that the seven sentences imposed on May 23, 1991 were for unrelated cases and should be counted separately. Defendant, on the other hand, argues that the seven prior sentences were for related cases, according to U.S.S.G. § 4A1.2, Application Note 3, because the cases had been consolidated for sentencing. Therefore, the sentences should be treated as one sentence for purposes of §§ 4A1.1(a), (b), and (c).

We review the district court's findings of fact in regard to whether convictions were consolidated for sentencing under a clearly erroneous standard. 18 U.S.C. § 3742(e). Moreover, an appellate court is to give due deference to the district court's application of the Sentencing Guidelines to the particular facts of the case. *Id.*

Defendant argues that the district court's determination that the seven sentences, which were imposed by the state court judge on May 23, 1991, were not consolidated for sentencing is clearly erroneous. We disagree. In *United States v. Coleman,* 964 F.2d at 566, this court held that the district court's factual finding that the defendant's two robbery convictions had not been consolidated for sentencing was not clearly errone-

ous. The facts of *Coleman* are almost parallel to those of the present case. In *Coleman,* the sentences for the two offenses were pronounced on the same date by the same judge and the sentences were ordered to run concurrently, just as in the present case. As this court stated in *Coleman,* "[t]hese facts, in and of themselves, simply do not suggest that the cases were consolidated for sentencing." *Id.* at 567. Moreover, this court in *Coleman* pointed out that "cases are not consolidated when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation." *Id.* In *Coleman,* the court found that the record as a whole reflected that the two convictions were treated separately and distinctly. There was no order consolidating the cases for sentencing. In each case, there was a separate criminal complaint and separate indictment. The cases proceeded under separate court numbers. Different sentences were levied for the different offenses. The court stated, "In light of these undisputed facts, Coleman's two 1975 armed robberies were not consolidated for sentencing...." *Id.* at 566.

Just as in *Coleman,* the district court in the present case found that the offenses resulting in the May 23, 1991 sentences were not consolidated for sentencing because the offenses proceeded to sentencing under separate docket numbers, they were not factually related, there was no order of consolidation, there were separate entries of judgment on separate sheets of paper, and different sentences were levied in the different cases. As in *Coleman,* the record, as a whole, indicated the seven convictions were treated separately and distinctly. Moreover, the district court noted that defendant had filed a petition in state court in 1993 seeking an order stating that the disposition of the seven cases involving defendant on May 23, 1991 had been the result of a consolidated proceeding, but the state court trial judge refused to enter such an order. The district court stated, "That to me is highly persuasive that the court did not intend for these cases to be considered consolidated." The district court also found nothing unusual in the way the state court handled the seven cases or with the concur-

rent sentencing, noting that the court probably did this as a matter of convenience.

This determination of the district court is not clearly erroneous. *Coleman,* 964 F.2d at 566. The record does not reflect that during sentencing in state court on May 23, 1991, either party requested the cases to be consolidated for sentencing. The record in the state court merely indicates that seven separate sentences for seven different offenses were rendered at the same time. As the district court noted, the sentencing procedure in state court indicated that all seven cases were treated separately. They each bore an individual indictment number, and the sentence in each case was recorded as a separate judgment. No order of consolidation was entered by the state court, and most significantly, the state court failed to enter such an order after being petitioned to do so in 1993. We agree with the district court's determination that based upon the record, it can be assumed that the state trial judge knew what a consolidated order was, and that his failure to enter such an order when petitioned to do so was strong evidence that the state trial judge did not intend to consolidate the cases for sentencing.[3] Furthermore, the district court's determination that the seven offenses should not be treated as related is supported by the fact that the May 23, 1991 sentences derived from convictions for offenses which bore no close factual relationship to each other.

Defendant argued that the seven convictions were implicitly consolidated for sentencing because the state court's order granting defendant's "petition for waiver of trial by jury and request for the acceptance of plea of guilty" for all seven cases stated "[t]his cause [which] came on for hearing...." Defendant's argument that this order implicitly consolidated the cases for sentencing is undermined by the fact that the state court judge refused to issue an explicit consolidation order when petitioned to do so. Moreover, as the United States points out, the term "[t]his cause" refers to each of the seven cases to which defendant wished to

plead guilty, which were separately numbered on the top right section of the document. Nothing in the state court's order accepting defendant's petition to plead guilty indicates that the seven cases became one.

The decision of the district court is not only supported by the sixth circuit decision in *United States v. Coleman,* 964 F.2d at 566, but also is in compliance with a majority of the courts of appeals. *See United States v. Russell,* 2 F.3d 200, 203 (7th Cir.1993) (two cases, the subject of one plea agreement, were not considered consolidated for sentencing); *United States v. Lopez,* 961 F.2d 384, 386–87 (2d Cir.1992) (two prior state convictions were not related simply because the defendant was sentenced to concurrent time on the same day by the same judge); *United States v. Ainsworth,* 932 F.2d 358, 361 (5th Cir.) (two cases were not related under § 4A1.2 even though the defendant was sentenced at one hearing on both crimes where the cases were unconnected and where no formal consolidation order was entered), *cert. denied,* —— U.S. ——, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991); *United States v. Rivers,* 929 F.2d 136, 139 (4th Cir.) (different sentences levied in different cases is evidence that cases were not consolidated for sentencing even though sentences were imposed at same time by same judge), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991); *United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990) (simply because a defendant received concurrent sentences for separate offenses does not lead to the conclusion that the cases were consolidated for sentencing). As the court in *Lopez,* 961 F.2d at 386, stated, "[S]imply because sentences run concurrently and were imposed on the same day does not require the sentences to be consolidated for guideline purposes absent a showing of a close factual relationship between the convictions." In the present case, defendant does not argue that there was a close factual relationship between the seven offenses set forth in the indictment as the

---

**3.** Defendant's counsel's self-serving remarks that the reason she was unable to obtain a consolidation order was because the state court indicated that it was self evident that the cases were con-

solidated must fail because defendant's counsel submits no transcripts of any hearings before the state court to substantiate this allegation.

predicate offenses for his conviction of being a former felon in possession of a firearm.

For these reasons, the decision of the district court is hereby AFFIRMED. With a criminal history category of VI and a base offense level of 33, defendant's sentencing guideline range was 235–293 months' imprisonment. Thus, defendant was properly sentenced at the low end of that range to 235 months' imprisonment.

NATHANIEL R. JONES, concurring.

I concur in the judgment reached by the panel, for the applicable case law clearly indicates that Defendant McAdams' seven cases were not technically consolidated for sentencing purposes. However, I write separately to highlight what I believe to be a prime example of the frequent semantic hoops that this and other courts feel compelled to leap through as a result of the Sentencing Guidelines, to the considerable disadvantage of criminal defendants.

Application Note 3 to U.S.S.G. § 4A1.2 instructs that prior sentences should be counted together for sentencing purposes if "they resulted from offenses that ... were consolidated for trial or sentencing." Applying a common literary construction to this language, a defendant should fairly be able to assume that prior sentences will, therefore, not be counted separately if they were, in the plain meaning of the application note's terminology, united or joined together at sentencing. *See* Webster's Ninth New Collegiate Dictionary 280 (1986) ("**consolidate** ... to join together into one whole: UNITE"). Consolidated should arguably mean just that.

In the instant case, Defendant McAdams was sentenced on May 23, 1991, for seven convictions, in the same hearing and by the same judge. Applying a commonsense definition to the language of Application Note 3, it seems clear that these cases were therefore "consolidated." Yet, this court has declined to adopt a straightforward definition of the application note's language, holding instead that "[t]hese facts, in and of themselves, simply do not suggest that the cases were consolidated for sentencing." *United States v. Coleman,* 964 F.2d 564, 567 (6th Cir.1992). This court and many others have thus applied a technical definition to "consolidated" that bears only a passing resemblance to the plain language of the application note.

In the instant case, application of the technical definition precludes a finding that Defendant McAdams' cases were consolidated for sentencing, because the seven cases bore separate docket numbers and arose from dissimilar factual bases. As this is the law of the circuit, it must be faithfully applied. Accordingly, I concur in the result of the majority. I write separately only to wonder aloud whether a similarly contorted construction of the plain language would have been adopted if it favored criminal defendants. Much to my chagrin, my instincts—and experience—answer that question with a resounding "no." Hence, my separate concurrence.