42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Nathaniel BOYD, Defendant-Appellant.
 No. 94-5142.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge*.
 PER CURIAM.
 
 
 1
 Jeffrey Boyd appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). We affirm that conviction.
 
 
 2
 On August 31, 1992, Memphis police officers responded to a "shots fired" call from the Hillview apartment complex. Upon arriving at the scene, Officers Bolden and Fleming observed a Ford Taurus stopped in the driveway to the apartments. They saw a woman sitting in the driver's seat and three men standing outside the car. Boyd was one of these three men. Both officers saw a revolver in Boyd's hand as they approached the car. They observed Boyd turn, walk to the car, lean into the passenger window, and make a throwing motion with his left hand. While searching the car for the weapon, Officer Bolden found two small plastic bags apparently containing crack cocaine in the front passenger seat. Boyd admitted to throwing two small packets of crack cocaine down to his side and away from him. Officer Bolden then found a revolver inside the open glove compartment of the car. Both officers identified this gun as the revolver they had seen Boyd holding when they arrived.
 
 
 3
 Before this incident occurred, Boyd had previously been convicted in the Criminal Court of Shelby County, Tennessee. This conviction was for one count of grand larceny and six counts of robbery with a deadly weapon. One of the robbery counts arose from Boyd's robbing a man on September 6, 1988. The other five counts and the grand larceny charge stemmed from incidents occurring six days later. On September 12, 1988, Boyd and another person stole a 1982 Oldsmobile Delta 88 Royale. Later that evening, the pair used the car during the robbery of five men near Hamilton High School in Memphis.
 
 
 4
 After a two-day jury trial on the charges presently on appeal, Boyd was convicted on the third count of a superseding indictment; the first two counts, possession with intent to distribute cocaine, and possession of a firearm in connection with a drug trafficking crime, were dismissed prior to trial. Boyd was sentenced to a ten year term of imprisonment to run consecutively with time he was serving for his Tennessee parole violation. Boyd challenges this conviction based on the sufficiency of the evidence. He further contends that he was improperly sentenced based on consideration of his prior felony convictions.
 
 
 5
 The standard of review on questions of sufficiency of the evidence is narrow. In criminal cases such as this one, we look only to whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 6
 We find the evidence is sufficient to sustain Boyd's conviction. Boyd only challenges the evidence presented to show that he possessed the revolver. However, both Officers Bolden and Fleming testified that they saw Boyd holding the revolver by his side as they approached. Each saw Boyd reach into the car as if to place the gun there. Boyd himself testified that the area surrounding the car was well lit as this occurred. Boyd's argument relies on impugning the credibility of these two officers. He instead offers his own testimony, that of his fiancee, who claimed to own the gun herself despite knowing little about it, and the testimony of one of the other men arrested with Boyd that night. Considering the evidence in the light most favorable to the prosecution, as we must do, we find that it adequately supports Boyd's conviction.
 
 
 7
 Boyd next argues that he was improperly sentenced based on consideration of his prior Tennessee felony convictions, maintaining that these should have been consolidated for sentencing and considered one conviction rather than two under the Sentencing Guidelines. U.S.S.G. Sec. 4A1.2(a)(2), comment. (n. 3). Boyd argues that his robbery and grand larceny offenses were really one conviction because: they were indicted together as one package; they were sequentially numbered; and, he was sentenced on the same day for all charges. This Court has previously rejected just such an argument. United States v. McAdams, 25 F.3d 370, 375 (6th Cir.1994); United States v. Coleman, 964 F.2d 564, 566 (6th Cir.1992). Boyd's convictions were not consolidated for sentencing; the district court's determination of Boyd's criminal history category is not clearly erroneous.
 
 
 8
 The district court noted that even the five robberies that occurred at the same time were considered individually by the state court, as it gave each one a separate docket number. In computing Boyd's criminal history category, Boyd received three points for the September 6, 1988 robbery. U.S.S.G. Sec. 4A1.1(a). He received one additional point for the other five robbery counts and car theft on September 12, 1988, under Section 4A1.1(f). This Section adds one point for each prior conviction of a crime of violence that is related to another, but did not occur on the same occasion. Boyd's criminal history score was thus appropriate because the robbery offenses were crimes of violence that did not occur on the same occasion. U.S.S.G. Secs. 4A1.2(p), 4B1.2(1)(i).
 
 
 9
 Boyd makes a similar argument regarding the computation of his base offense level: that it should have been based on only one prior conviction. U.S.S.G. Sec. 2K2.1, comment. (n. 5). Application Note 5 states that in determining the base offense level, the number of convictions to be considered is the same as those prior convictions that receive any points under Section 4A1.1 when determining the criminal history category. Thus, Boyd's argument fails here for the same reasons concerning his criminal history category.
 
 
 10
 Finally, Boyd claims error was committed by increasing his offense level by four points for using or possessing a firearm in connection with another felony. U.S.S.G. Sec. 2K2.1(b)(5). The first two counts of the superseding indictment were dismissed because he entered a guilty plea in state court to simple possession of cocaine and the weapon. Because these were both misdemeanor offenses, Boyd argues that his possession of the firearm cannot be in connection with a felony offense. However, "it is clear that [Boyd] need not be charged with or convicted of the other felony offense" for this enhancement to apply. United States v. Rutledge, No. 93-6596, 1994 WL 469815, at * 3 (6th Cir. Sept. 1, 1994); see also U.S.S.G. Sec. 2K2.1(b)(5), comment. (n. 7) (defining felony offense to mean "any offense punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained").
 
 
 11
 In this case, the district court made a finding of fact at sentencing that "the facts developed at trial, and largely through [Boyd's own] proof ... do clearly substantiate that it was a felony that was in fact committed, even though [Boyd] was allowed to plead guilty to a misdemeanor in state court." Findings of fact relating to sentencing are reviewed for clear error. United States v. Hamilton, 929 F.2d 1126, 1130 (6th Cir.1991). Furthermore, we must give due deference to the district court's application of the Guidelines to the particular facts of a case. McAdams, 25 F.3d at 372. We conclude that the district court's determination of Boyd's base offense level is not clearly erroneous.
 
 
 12
 For the foregoing reasons, Boyd's conviction and the sentencing determination of the district court are AFFIRMED.
 
 
 13
 COHN, DISTRICT J., concurring and dissenting. I would remand to the district court to spell out with particularity the felony offense for which defendant's offense level was increased by four points under U.S.S.G. Sec. 2k2.1(5) and why defendant should not receive credit for acceptance of responsibility for that offense if it is considered for sentencing purposes. Here, defendant was initially charged with the felony offense of possession with intent to distribute cocaine base. That charge was dismissed when defendant pleaded guilty to misdemeanor offenses in state court.
 
 
 14
 What is at stake here at a minimum is 24 months of additional time and a maximum of 3 years and 7 months additional time. The application of U.S.S.G. Sec. 2k2.1(5) puts defendant's Offense Level at 28 rather than 24. Neither the Presentence Report nor the sentencing judge's comments describe the specific "felony offense" which causes the 4 level increase. It is a rather loose system of sentencing which adds significant additional time under the circumstances here. Before such additional time must be served it is not too much to require some more specific description at sentencing.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation