72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chad Steven WARLIN, Defendant-Appellant.
 No. 94-2318.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Chad Warlin appeals the sentence entered on his guilty plea to armed bank robbery and use of a firearm during and in relation to an armed robbery. For the reasons stated herein, we affirm the sentence rendered by the district court.
 
 I.
 
 2
 A two-count information was filed against Chad Warlin, charging him with armed bank robbery, in violation of 18 U.S.C. Sec. 2113, and use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. Sec. 924. On August 10, 1994, Warlin waived his right to indictment and pleaded guilty to both charges pursuant to a written plea agreement. On November 1, 1994, Warlin was sentenced to fifty-seven months on Count One and sixty months on Count Two, the sentences to be served consecutively. He was also sentenced to three years of supervised release following his term of imprisonment and fined $100. Warlin filed this timely appeal on November 10, 1994.
 
 
 3
 The presentence report revealed that Warlin was previously convicted for uttering and publishing. These previous charges stemmed from Warlin's having forged and cashed two checks at two retail stores. After Warlin was arrested on this charge and taken into custody, he escaped while being transported in a police cruiser. Warlin remained at large for four days. On July 25, 1989, Warlin was arrested in Ishpeming County and charged with escape. The two charges were not consolidated. Warlin was convicted in the Marquette Circuit Court on the uttering charge and was sentenced to thirty-six months probation, six months in jail, and ordered to pay $300 in restitution. In the Ishpeming District Court, Warlin was convicted on the escape charge and sentenced to sixty days in jail.
 
 
 4
 In sentencing Warlin on the present counts, the district court concluded that the two past convictions were not related to one another. Accordingly, the court assessed two points for each conviction in computing Warlin's criminal history. These four points were added to Warlin's other criminal history points, resulting in a total criminal history score of 10 points. Warlin's total criminal history score placed him in Criminal History Category V. Warlin objected to the computation of his criminal history category, arguing that the court should not add separate points for the uttering and publishing offense and the escape offense because the prior convictions were "related" under USSG Sec. 4A1.2 We do not agree and thus affirm the district court.
 
 II.
 
 5
 A court's factual findings in relation to the application of the Sentencing Guidelines are subject to a deferential "clearly erroneous" standard of review. See 18 U.S.C. Sec. 3742(e); United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). Legal conclusions regarding the Guidelines, however, are reviewed de novo. Garner, 940 F.2d at 174. Warlin argues that the question of relatedness is a legal conclusion subject to de novo review, while the government contends the issue is one of fact. The government is correct. The district court's findings in regard to whether convictions are consolidated for sentencing is reviewed for clear error. See United States v. McAdams, 25 F.3d 370, 374 (6th Cir.) (reviewing district court's factual determinations regarding whether prior convictions were related for clear error), cert. denied, 115 S.Ct. 342 (1994). "[A] finding of fact is 'clearly erroneous' when, although there may be some evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). An appellate court is to give due deference to the district court's application of Sentencing Guidelines. McAdams, 25 F.3d at 374.
 
 
 6
 Section 4A1.2(2) of the United States Sentencing Guidelines states that "[p]rior sentences imposed in unrelated cases are to be counted separately." Application Note 3 addresses related cases. It states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. Sec. 4A1.2(2), appl. note 3. Here, Warlin was arrested for uttering and publishing prior to his arrest for escape. The intervening arrest for escape prevents the two offenses from being related.
 
 
 7
 Application Note 3 also provides three situations when prior sentences are considered related. "[P]rior sentences are considered related if they resulted from offenses that 1) occurred on the same occasion, 2) were part of a single common scheme or plan, or 3) were consolidated for trial or sentencing." Id. Warlin argued that the uttering and publishing offense and the escape offense both occurred on the same occasion and were part of a single common scheme or plan. We simply are not persuaded that this analysis affects sentencing. Warlin's analysis is based on the fact that he escaped while being arrested for uttering and publishing. He contends an arrest necessarily includes the seizure of the defendant, and the subsequent booking and lodging or release of the defendant on bond. Because he had not been booked or jailed, Warlin maintains that his uttering and publishing crime was not complete at the time of his escape. We will not view an arrest in such a narrow manner.
 
 
 8
 Warlin's argument based on a common scheme or plan is similarly without merit. Even though the escape would not have occurred without the arrest for the uttering and publishing offense, the two charges arose from separate incidents. For Warlin's argument to succeed, he would have to prove that his overall plan was to cash the forged checks and then escape if caught. The record does not support such a contention.
 
 
 9
 Finally, Warlin contends that the district court's reliance on Application Note 3 is misplaced. He argues that the 1987 Amendment that added Note 3 does not apply retroactively to convictions before its November 1, 1991 effective date. Warlin cites two Ninth Circuit cases, United States v. Lindholm, 24 F.3d 1078 (9th Cir.1994), and United States v. Bishop, 1 F.3d 910 (9th Cir.1994) as support for this proposition. Warlin misconstrues the effect of the Ninth Circuit's holdings. In both Lindholm and Bishop, the offense that was the subject of the sentencing was committed before the November 1, 1991 effective date of Application Note 3. The court did not hold that when calculating the criminal history score, note 3 applies only to those past convictions occurring after the provision's effective date. At the time Warlin's 1994 guilty plea, he had constructive notice of the addition of Application Note 3 to the guideline commentary. Accordingly, we reject Warlin's ex post facto argument and uphold the district court's reliance on Application Note 3.
 
 III.
 
 10
 For the foregoing reasons, we hold that the district court did not clearly err in determining that Warlin's uttering and publishing and escape convictions were not related. We therefore AFFIRM Warlin's sentence in its entirety.