2RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0095P (6th Cir.)
File Name: 02a0095p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

  *v.*
         No. 00-6568

TERRY LEE CARTER,
   *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 00-20032—Julia S. Gibbons, District Judge.

Argued: December 10, 2001

Decided and Filed: March 20, 2002

Before: JONES and COLE, Circuit Judges; SARGUS,
District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Bruce I. Griffey, OFFICE OF THE FEDERAL
PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF
TENNESSEE, Memphis, Tennessee, for Appellant. Dan L.

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Bruce I. Griffey, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

———————————

## OPINION

———————————

SARGUS, District Judge. Defendant-Appellant Terry Lee Carter appeals his sentence following a guilty plea to a violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B), receipt and possession of child pornography. Carter asserts that his three prior convictions for drug offenses in state court should have been treated as one offense for the purpose of calculating criminal history points under § 4A1.2 of the Sentencing Guidelines. For the reasons that follow, the sentence imposed by the district court is AFFIRMED.

## I.

The facts underlying the issue raised by Carter are not in dispute. In applying the Sentencing Guidelines, the district court determined that Carter's three prior convictions in state court for selling cocaine were not related in that each conviction represented a separate offense for purposes of computing his criminal history.

Whether the three prior convictions are treated as related is of significance. Carter does not challenge the computed offense level of 23. Consequently, if the three state convictions for trafficking in cocaine are treated as related, the applicable sentencing guideline range would be 70 to 87 months. The district judge treated the three prior convictions as unrelated which resulted in a sentencing guideline range of 92 to 115 months. The district court imposed an effective sentence of 95 months of imprisonment, consisting of 60

Despite those amendments, it is the view of this Court that the goal of reasonable uniformity sought by the Sentencing Guidelines is undermined with regard to the differing applications of U.S.S.G. § 4A1.2(a)(2). The treatment of the issue by the various Courts of Appeal evidences the lack of consistency and, therefore, the lack of uniformity in the application of this provision of the Sentencing Guidelines. This Court urges the Sentencing Commission to review U.S.S.G. § 4A1.2(a)(2) with regard to the concerns herein expressed.

## IV.

Based upon the foregoing, the sentence imposed by the district court is AFFIRMED in all respects.

offenses occurred on the same occasion."  (emphasis in original).

months on count one to run concurrently with the 95 month sentence imposed as to count two.

Carter was charged in three separate state indictments with unlawful possession with the intent to sell cocaine. The first offense occurred on February 7, 1990, the second on February 14, 1990, and the third on February 24, 1990. The cases were never consolidated by the state trial court. The judgments imposing sentence were all rendered on the same day and by the same judge. Each of the three separate judgment entries reflect that the defendant had been convicted of selling cocaine "from February 7 through February 24, 1990," a period of time which encompassed all of the sales set forth in the three separate indictments. Further, all three sentences were to run concurrently. Finally, in unrebutted testimony from Carter's prior counsel, as well as from Carter himself, all three sales of cocaine were made to the same individual.

The district court discounted the fact that Carter had been sentenced on the same day and held that such fact alone does not establish consolidation of cases. The Court also noted that the offenses occurred on three separate dates and resulted in three separate convictions. The district court thereupon concluded that the cases were not related.[1]

## II.

This court reviews a district court's interpretation of the sentencing guidelines *de novo*. *United States v. Carroll*, 893 F.2d 1502, 1508 (6th Cir. 1990). Findings of fact made by the district court are reviewed for clear error. *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994). The analysis begins with U.S.S.G. § 4A1.2(a)(2) which states, in part:

[1]During her oral imposition of sentence, Judge Gibbons did take into consideration the fact the three drug convictions occurred relatively close in time. For this reason, the district court noted that the sentence imposed was at the low end of the guideline range.

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence . . . .

Further, the accompanying Commentary states at note 3:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S. SENTENCING GUIDELINES MANUAL § 4A1.2, cmt. n.3 (2001).

Carter contends that the state court essentially consolidated the three offenses and treated them as though they occurred on the same occasion and were part of a single common scheme or plan. The record is clear, however, that all three offenses were separately indicted and never consolidated for either trial or sentencing. While the state court judge sentenced Carter on the same day as to all three offenses with the sentences to be served concurrently, the district court did not err in concluding that the cases were not consolidated and the offenses did not occur on the same occasion. The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated. *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir. 1992). Further, given the separate entries of judgment and the absence of an order of consolidation, the record below does not demonstrate an intention on the part of the trial court to consolidate the cases. *United States v. McAdams*, 25 F.3d 370, 374-75 (6th Cir. 1994).

A more difficult question is whether the three drug transactions were part of a common scheme or plan. In *United States v. Irons*, 196 F.3d 634, 637 (6th Cir. 1999), this

of them does not indicate that the crimes share a common plan. For example, although temporal and geographic proximity are significant indicators of a common plan, these factors alone are hardly determinative. Nor does the additional fact that the same motive animated the crimes "convert" them "into related offenses." *United States v. Fonville*, 5 F.3d 781, 785 (4th Cir. 1993), *cert. denied*, 511 U.S. 1086, 114 S.Ct. 1839, 128 L.Ed.2d 466 (1994). Furthermore, that crimes were solved by a single police investigation–if the crimes were discovered by accident and not by a targeted investigation–does not demonstrate that the offenses result from a common plan.

*Breckenridge*, 93 F.3d at 137.

This Court also recognizes that the United States Sentencing Commission has acknowledged difficulties in the application of U.S.S.G. § 4A1.2(a)(2) and has modified portions of the Guideline and Commentary. Application Note 3 to U.S.S.G. § 4A1.2 has been added to provide that prior offenses are not related if the criminal acts were separated by an intervening arrest, regardless of whether the various crimes were consolidated for trial or sentencing.[7] The Commission has also promulgated U.S.S.G. § 4A1.1(f) which adds a point to a defendant's criminal history for every crime of violence otherwise considered as related to other consolidated offenses, to a maximum of three points, unless the crimes of violence actually "occurred on the same occasion."[8]

---

[7] Application Note 3 to U.S.S.G. § 4A1.2 states, in part: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). . ." U.S. SENTENCING GUIDELINES MANUAL § 4A1.2, cmt., n.3 (2001).

[8] U.S.S.G. § 4A1.1(f) states: "Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of **3** points for this item. *Provided*, that this item does not apply where the sentences are considered related because the

sentenced separately, regardless of the relationship among the offenses.

This Court further notes that other circuits have declined to adopt the rule set forth in *United States v. Ali, supra*, and *United States v. Irons, supra.  See United States v. LaBarbara*, 129 F.3d 81, 86 (2nd Cir. 1997); *United States v. Breckenridge*, 93 F.3d 132, 139 (4th Cir. 1996); *United States v. Mullens*, 65 F.3d 1560, 1565 (11th Cir. 1995).  These circuits have instead looked to the definition of "common scheme or plan" found in U.S.S.G. § 1B1.3 to interpret the phrase "single common scheme or plan" found at § 4A1.2(a)(2).  In *Breckenridge,* the Fourth Circuit held that the two phrases should be given a consistent interpretation.  If the offenses were sufficiently related to be treated as relevant conduct under § 1B1.3, the *Breckenridge* court concluded that the same analysis should be applied to prior convictions to determine if the offenses were related under § 4A1.2(a)(2).

The *Breckenridge* court articulated the following considerations to determine whether prior convictions are related:

> In deciding whether offenses are part of a common scheme or plan, courts have looked to whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography.  *See, e.g. United States v. Shewmaker,* 936 F.2d 1124, 1129 (10th Cir. 1991) (citations omitted), *cert. denied*, 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); *United States v. Chartier*, 933 F.2d 111, 115 (2d Cir. 1991); *United States v. Houser*, 929 F.2d 1369, 1374 (9th Cir. 1990).  No court has suggested that all of these factors must be present; however, the confluence of only a few

Court joined with the Third, Fifth, and Ninth Circuits in following the definition of the term "single common scheme or plan" as originally adopted by the Seventh Circuit in *United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992).[2]  In *Ali*, the Court held that crimes were part of the same scheme or plan only if the offenses were jointly planned, or, at a minimum, the commission of one offense necessarily required the commission of another.  *Id*. at 828.  In *Irons*, this Court concluded that the commission of a crime spree does not render such offenses related.  If the offenses were not jointly planned in the inception, or if the commission of one offense entailed the commission of another, under § 4A1.2(a)(2), the offenses are unrelated under *Irons* and should be counted separately.

Under the standard enunciated in *Irons*, the district court correctly concluded that the prior drug convictions were not related.  There is no evidence that Carter jointly planned all three drug sales.  Nor does the record indicate that the commission of the first drug transaction would in any way entail the commission of the following drug sales.  For these reasons, the sentence of the district court is AFFIRMED in all respects.

### III.

This Court also concludes, however, that U.S.S.G. § 4A1.2(a)(2), together with the accompanying commentary, creates the potential for widely disparate treatment of prior criminal convictions based on matters wholly unrelated to the underlying offenses.[3]  The facts in this case demonstrate that charging decisions, rather than the criminal conduct itself,

---

[2] *See United States v. Beckett*, 208 F.3d 140, 147 (3rd Cir. 2000); *United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999); *United States v. Chapnik*, 963 F.2d 224, 227 n.5 (9th Cir. 1999).

[3] There is no implied criticism intended here.  The record is not clear as to why the cases were charged separately.  Indeed, in most circumstances prosecutors logically prefer charging related counts in the

resulted in a substantial increase in Carter's criminal history category and his subsequent sentence. In most jurisdictions, including the federal system, the three drug offenses would typically have been consolidated in a single indictment.

An example of the potential for unwarranted disparity is found in this case. Carter's three prior state convictions for cocaine distribution could have been the subject of federal prosecution. All three sales would have been the subject of separate counts and, if charged in a single indictment, would be treated, after conviction, as related under U.S.S.G. § 4A1.2(a)(2), given the consolidation of three offenses.

Further, under the operation of the Sentencing Guidelines, a conviction on one or more of the three counts would potentially subject a defendant to a sentence based upon the quantity of drugs involved in all three sales. *See* U.S.S.G. §§ 1B1.3(a)(2), 2D1.1 and 3D1.1.[4] Further, neither the prosecutor nor the defendant would have had any reasoned basis to oppose a plea bargain involving a plea of guilty to only a single count.[5]

---

same indictment for purposes of prosecutorial and judicial economy.

[4]U.S.S.G. § 1B1.3(a)(2) defines the relevant conduct on which a defendant is sentenced to include all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §§ 2D1.1 and 3D1.1 provide that multiple drug offenses are to be grouped and the quantity of drugs from each offense added together to determine a single offense level. As this Court explained in *United States v. Hill*, 79 F.3d 1477 (6th Cir. 1996), multiple drug sales are part of the same course of conduct if the transactions are similar types of sales conducted within a short period of time.

[5]Empirical data supports this conclusion. In the years 1999 through 2001, forty-four percent of all federal defendants were charged with more than one offense; only seventeen percent were convicted on more than one offense. ADMINISTRATIVE OFFICE OF THE U. S. COURTS, DATA SOURCE (1999-2001).

Consequently, had Carter been indicted and convicted in federal court on the same charges which form the basis for his three prior convictions, he would have been most likely charged in a single indictment, convicted of only a single count, and sentenced on the quantity of drugs in all three sales. With regard to the instant charges, under U.S.S.G. § 4A1.2(a)(2), he would thereafter have had only a single prior drug conviction rather than the three attributable to the state drug convictions.

Prior decisions from this Court further illustrate the point. In *United States v. Head*, 927 F.2d 1361, 1367 (6th Cir. 1991), Defendant Swanson had previously been convicted of carrying a concealed weapon, which led to additional charges of aggravated menacing, after Swanson threatened to shoot the arresting officer and trial judge. Under U.S.S.G. § 4A1.2, this Court found that the offenses were related and represented only one prior conviction because the crimes were consolidated for sentencing. The method of charging and sentencing, rather than the underlying conduct, determined the application of U.S.S.G. § 4A1.2(a)(2).[6]

As explained in *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996) there is a significant distinction between consolidation for sentencing of otherwise unrelated offenses, usually in the context of a guilty plea, and consolidation for trial, which assumes the offenses have some relationship to each other. *Id.* at 136. This critical difference is, however, ignored in U.S.S.G. § 4A1.2(a)(2), which treats as related all offenses which are consolidated for sentencing as well as trial, but treats as unrelated those offenses which were charged and

---

[6]In an unreported case, *United States v. Mumphrey*, No. 91-2241, 1992 WL 133020 (6th Cir. June 12, 1992), this Court affirmed an upward departure based upon the fact that under U.S.S.G. § 4A1.2(a)(2), twelve offenses committed by Mumphrey, including nine violent felonies and the rape of three victims, were deemed related since the sentences were imposed as to crimes consolidated in a single proceeding. This case represents the extreme application of § 4A1.2 to multiple crimes and multiple victims, deemed related simply because the offenses were consolidated at some point prior to sentencing.