**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall Lynn SHEPARD,
Defendant–Appellant.**

No. 00–6612.

United States Court of Appeals,
Sixth Circuit.

July 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN,* District Judge.

COHN, District Judge.

This is a criminal case. Defendant–Appellant Randall Shepard (Shepard) appeals from his sentence following his guilty plea to: (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) carrying a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1). Shepard was sentenced to a custody term of 68 months for the armed bank robbery offense and 60 months for the firearm offense with the sentences to run consecutively.

For the reasons that follow, we affirm the district court's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts supporting Shepard's guilty plea are described in the record as follows:

---

* The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation.

That on or about February 9, 1998 in Letcher County, Kentucky [the] defendant aided and abetted by Danny Neil Yonts, former Police Chief of Fleming–Neon, Kentucky, and Ernie Yonts did rob the Community Trust Bank of Fleming–Neon in Letcher County, Kentucky.

Specifically, a handgun was provided by Ernie Yonts to Randall Shepard for the purpose of robbing the aforestated bank. [The] defendant was driven by Ernie Yonts in a vehicle to a location near the bank and let out.

During this bank robbery said weapon was displayed and brandished by [the] defendant. The defendant acknowledges that said weapon was not loaded at the time of the bank robbery. [The] defendant was driven from the area by Ernie Yonts while Danny Yonts went to bank in a ruse that he was investigating the robbery.

The total amount of money taken from said establishment was $22,189.00. This bank was insured by the Federal Deposit Insurance Corporation.

J.A. 25.

The Presentence Investigation Report (PIR), assessed Shepard four criminal history points for prior convictions resulting in not less than 60 days incarceration. U.S.S.G. § 4A1.1. The PIR also assessed two criminal history points for each of two contempt of court sentences.[1] U.S.S.G. § 4A1.2(c) & 4A1.1. The inclusion of these four criminal history points placed Shepard's criminal history at level 12 and in category V. Coupled with an offense level of 20, the Sentencing Guidelines called for a sentence of 63 to 78 months.

---

1. The contempt offenses were for: 1) failure to pay a $140 public defender fee; and 2) failure to pay fines of $312.50 related to traffic charges.

Shepard argued at sentencing that the two contempt of court sentences were imposed on the same day that he was sentenced on a driving under the influence (DUI) offense and operating a vehicle while on a suspended license offense. Therefore, Shepard argued, because he was sentenced to 90 days in jail on these four offenses running concurrently, the two contempt of court sentences should not have been counted separately as sentences "of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b). The district court held that the two contempt of court sentences were separate sentences of at least sixty days of imprisonment and, therefore, assessed two criminal history points for each of the contempt offenses in the calculation of Shepard's criminal history.

At sentencing, Shepard also argued that his criminal history category of V seriously overstated his criminal record and requested a downward departure under U.S.S.G. § 5K2.0. The district court denied Shepard's request for a downward departure.

The district court sentenced Shepard to a custody term of 68 months on the armed robbery count and a custody term of 60 months on the firearm count with the sentences to run consecutively.

## II. ANALYSIS

### A. Standard of Review

This Court reviews for clear error a district court's factual findings in its application of the Sentencing Guidelines. *United States v. Jones*, 159 F.3d 969, 980 (6th Cir.1998) (citing *United States v. Winston*, 37 F.3d 235, 240 (6th Cir.1994)). Further, this Court reviews the "district court's findings of fact in regard to whether convictions were consolidated for sentencing under a clearly erroneous standard." *United States v. McAdams*, 25 F.3d 370,

374 (6th Cir.1994). However, the district court's legal application of the guidelines is reviewed de novo. *United States v. Moses*, 106 F.3d 1273, 1277 (6th Cir.1997).

### B. Inclusion of the prior contempt sentences

#### 1.

Under the Sentencing Guidelines prior sentences of imprisonment are accounted for in establishing a defendant's criminal history category. U.S.S.G. § 4A1.1. Only sentences for which a defendant has actually served a period of imprisonment are considered prior sentences of imprisonment under § 4A1.1. U.S.S.G. § 4A1.2 cmt. 2.

Section 4A1.2(a)(2) instructs the district court to assess criminal history points for prior sentences of imprisonment as follows:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence .... Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2).

Further, "prior sentences are considered related if they resulted from offenses that ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 cmt. 3.

Shepard argues that the district court erred in applying two criminal history points under U.S.S.G. §§ 4A1.1(b) and 4A1.2(c)(1) for each of the two prior contempt of court sentences.

#### 2.

 First, Shepard argues that the sentences on the contempt offenses were con-

solidated with the sentences on his DUI offense and driving with a revoked license offense. Accordingly, Shepard argues, the offenses are related and only count as one sentence of 90 days under § 4A1.1(a)(2). Shepard argues, therefore, the district court erred in assessing two criminal history points for each of the contempt of court sentences as sentences "of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b).

The district court concluded that, while Shepard was sentenced simultaneously on the four offenses and was sentenced to 90 days of imprisonment to run concurrently on each offense, Shepard was sentenced to 90 days of imprisonment on each of the offenses. The district court explained its decision to treat each contempt of court offense as a separate offense with a sentence of 90–days imprisonment on each as follows:

> The sentence that he received was a 90–day concurrent sentence on each of the DUI's and contempt.... All concurrent to each other but, nonetheless, received a 90–day sentence on that term. In other words, he could have had all those stacked on top of 90 days if they hadn't run concurrent, he could have served × times 90.... They ran a concurrent 90 days on each. So those were separate conduct, and think they're countable.

J.A. 102–103.

Each contempt of court sentence pertained to a separate offense which was not factually related. Further, each underlying offense proceeded to sentencing under a separate docket number. Finally, no order of consolidation was entered. Accordingly, the district court's decision that Shepard's prior contempt of court sentences were not consolidated and, therefore, could each require an assessment of criminal history points is not clearly erroneous. *See McAdams,* 25 F.3d at 374–75

(holding that the district court did not err in finding that prior sentences were not consolidated when the offenses were not factually related, each offense proceeded under a different docket number, and no order of consolidation was entered despite a request by the defendant for consolidation).

**3.**

■ Second, Shepard argues that because he was sentenced to 90 days of imprisonment to run concurrently on each of the four offenses, he did not actually serve at least 30 days of imprisonment for each of the contempt of court offenses. Therefore, Shepard argues, the district court erred in assessing criminal history points for each of the contempt of court sentences under § 4A1.2(c) which states that sentences for contempt of court are "counted only if ... the sentence was ... a term of imprisonment of at least thirty days."

The Sentencing Guidelines instruct the district court to count prior sentences of imprisonment in unrelated cases separately. U.S.S.G. § 4A1.2. cmt. 2. Further, while the Sentencing Guidelines specify that the defendant must actually serve the sentence of imprisonment, there is no requirement that a defendant who is sentenced on multiple offenses must receive consecutive sentences in order to separately assess criminal history points for each offense. Accordingly, criminal history points are to be assessed separately when the defendant is sentenced to a period of imprisonment on multiple offenses to run concurrently as long as the defendant actually serves the sentence. This conclusion is supported by a recent decision by a panel of this Court. *United States v. Hughes,* No. 95–1939, 1997 WL 271737 (6th Cir.1997) (unpublished). In *Hughes,* the defendant was sentenced on two sepa-

.. 

rate offenses to two terms of imprisonment of 45 days. The sentences were to be served concurrently. The *Hughes* court held that "the district court did not err in counting each sentence separately when assigning criminal history points, even though the [defendant] served only one term of forty-five days." *Id.* at \*5.

### 4.

■ Finally, Shepard argues that his contempt sentences were not related to criminal or offensive courtroom conduct and should, therefore, be treated similarly to "alternative" sentences under the Sentencing Guidelines. U.S.S.G. § 4A1.2 cmt. 4.[2] Shepard's argument lacks merit. Under the commentary to § 4A1.2, "alternative" sentences are those "which specif[y] a fine or other non-incarcerative disposition as an alternative to a term of imprisonment." U.S.S.G. § 4A1.2 cmt. 4. Such a sentence is treated as a "non-imprisonment sentence." *Id.* Shepard was not fined but was sentenced to a term of 90 days imprisonment to run concurrently for each contempt of court offense. Accordingly, the contempt sentences were not "alternative" sentences within the meaning of § 4A1.2.

Because Shepard was sentenced to two terms of 90 days imprisonment on two separate contempt of court offenses, the district court properly assessed two criminal history points for each sentence under § 4A1.1(b).

## C. Downward departure under U.S.S.G. § 4A1.3

■ Shepard argues that his criminal history category of V seriously overstates his criminal history because he only served 127 total days in jail. He argues, therefore, the district court erred in not granting him a downward departure. The district court's decision not to depart downward, however, is not reviewable when the district court is fully aware of its authority to depart and the sentence is not in violation of the Sentencing Guidelines or federal law. *See United States v. Sanders,* 97 F.3d 856 (6th Cir.1996). At sentencing the district court stated:

> And his criminal history is what it is. We can't change that criminal history. I think it shows a continuing pattern of disregard for the law that the [state courts] failed to do anything about. It's, nonetheless, his criminal history, and it's a serious criminal history because he keeps doing the same thing. So I think the criminal history is not overstated.

J.A. 104.

These statements establish that the district court was aware of its authority to downward depart. Accordingly, the district court's decision not to downward depart is not reviewable by this Court.

## III. *CONCLUSION*

Because we find that the district court did not err in calculating Shepard's criminal history and the district court's decision not to apply a downward departure in determining Shepard's criminal history

---

**2.** Shepard also appears to make a policy argument that because neither of the underlying cases connected with Shepard's contempt of court offenses would have resulted in incarceration, the sentences on the contempt of court offenses should not be a factor that increases Shepard's imprisonment. Shepard, however, provides no support for the argument. Further, the Sentencing Guidelines specifically permit the counting of prior sentences on contempt of court offenses when the sentence is for at least 30 days of imprisonment. U.S.S.G. § 4A1.2 (c) ("Sentences for misdemeanor and petty offenses are counted ... (1) Sentences for [contempt of court] ... are counted only if (A) the sentence was ... a term of imprisonment of at least thirty days ....").

category is not reviewable, we AFFIRM the district court's sentence.