NOT FOR PUBLICATION
File Name: 07a0112n.06
Filed: February 9, 2007

NO. 06-5004

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,                     ON APPEAL FROM THE
                                                 UNITED STATES DISTRICT
v.                                        COURT FOR THE WESTERN
                                                 DISTRICT OF TENNESSEE

CASEY SUTTON,

      Defendant-Appellant.

_____/

BEFORE: GUY, SUHRHEINRICH, and GRIFFIN, Circuit Judges.

      **SUHRHEINRICH, J.**, Defendant-Appellant Casey Sutton ("Defendant") appeals his sentence resulting from his pleading guilty to three charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We **AFFIRM**.

**I. Facts**

      On September 1, 2005, Defendant pleaded guilty to three charges of being a felon in possession of a firearm. The United States District Court for the Western District of Tennessee ("district court"), ruled at sentencing that Defendant's five prior felony theft convictions were separate events and should be treated as separate cases for purposes of calculating his offense level.[1] The district court sentenced Defendant to eight years for Count One, nine years for Count Two, and

_____

      [1]Defendant was previously charged in five separate indictments, and convicted of five separate charges of felony theft in Shelby County Criminal Court, Memphis, Tennessee. The charges all involved theft from a Wal-Mart in Memphis, and occurred on five different dates in January and February of 1998.

eight years for Count Three. The district court ordered the sentences to be served consecutively.

## II. Standard of Review

This Court reviews a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Carroll*, 893 F.2d 1502, 1508 (6th Cir. 1990). A district court's decision to impose a consecutive or concurrent sentence is reviewed for abuse of discretion. *United States v. Campbell*, 309 F.3d 928, 930 (6th Cir. 2002). Findings of fact made by the district court are reviewed for clear error. *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994).

## III. Analysis

Defendant raises two issues: (1) whether the district court erred when it interpreted the provisions of the Federal Sentencing Guidelines in determining that Defendant's prior felony convictions should be counted separately for determining the Defendant's criminal history score; and, (2) whether the district court erred by imposing consecutive sentences for the three counts of Defendant's conviction.

As to the first issue, Defendant concedes that under Sixth Circuit precedent, the district court did not commit error by counting his five previous felony theft convictions separately. Defendant submits he would prevail if this Court adopted Fourth Circuit law, and urges this Court to adopt the position articulated in *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996). This Court is bound by Sixth Circuit precedent, and under that precedent Defendant's cases were not "related." *See United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002); *United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999). Therefore, issue one is without merit.

As to Defendant's second issue, it is within the district court's discretion to order multiple terms of imprisonment to run consecutively. *See* 18 U.S.C. § 3584(a). "Where . . . the court makes

2

generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense, it does not abuse its discretion." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998) this Court has held consecutive sentences to be constitutional. *See United States v. Colbert*, 977 F.2d 203, 207 (6th Cir. 1992). Defendant's sentence did not violate the Sentencing Guidelines because the consecutive sentences did not exceed the statutory maximum. Additionally, the district court considered the factors outlined in § 3553(a). The district court's decision was not an abuse of discretion. This claim is also without merit.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.