**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian David IRONS, Defendant–
Appellant.**

No. 98–3732.

United States Court of Appeals,
Sixth Circuit.

Argued: Sept. 27, 1999

Decided and Filed: Oct. 27, 1999

Christa D. Brunst (argued and briefed), Office of the U.S. Attorney, Cleveland, Ohio, for Plaintiff–Appellee.

Debra M. Hughes (argued and briefed), Federal Public Defender's Office, Cleveland, Ohio, for Defendant–Appellant.

Before: KEITH, CONTIE, and COLE, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Defendant-appellant, Brian David Irons, appeals the sentence imposed upon him by the district court, arguing that prior state offenses used in calculating his criminal history points should have been considered "related" pursuant to U.S.S.G. § 4A1.2(a)(2) because they were part of a "single common scheme or plan." For the following reasons, we affirm.

### I.

Brian David Irons, the defendant herein, and Carol Sulik dated for approximately three years and had two children. After their relationship deteriorated, Ms. Sulik was awarded full custody of both children. Soon thereafter, defendant began to harass and intimidate her. From approximately March 1996 through May 1997, Ms. Sulik filed numerous harassment complaints against defendant with the Lakeland Community College Police Department in Mentor, Ohio, and the Russell Township Police Department in Russell, Ohio. On June 17, 1996, in Chardon Municipal Court, Ms. Sulik's motion for a tempo-

rary protection order against defendant was granted.

On August 28, 1996, Ms. Sulik received a video cassette tape via the U.S. mail from defendant. Ms. Sulik called the police, who came and took the tape. They viewed it in its entirety and reported that it contained violent threats to both Carol Sulik and her mother, Jean Sulik. On December 16, 1997, a federal grand jury sitting in Cleveland, Ohio returned a single-count indictment against defendant, alleging a violation of 18 U.S.C. § 876 for mailing a video tape to Carol Sulik which contained threatening communications.

On March 3, 1998, defendant entered a plea of guilty pursuant to a Rule 11 Plea Agreement. At the sentencing hearing, defendant objected to the presentence report regarding his Criminal History, arguing that he was a Category III, not a Category IV, offender, because several of his prior state convictions were related pursuant to U.S.S.G. § 4A1.2(a)(2). On June 11, 1998, the district court disagreed and found that defendant had a Criminal History Category of IV. The court sentenced defendant to a 28–month period of incarceration imposed to run concurrently with the state prison sentence which defendant was serving; a three-year term of supervised release; and a $100 special assessment fee. Defendant filed this timely appeal.

## II.

Defendant alleges that the district court erred in computing his criminal history category because certain prior offenses were "related" pursuant to U.S.S.G. § 4A1.2(a)(2) because they were part of a "single common scheme or plan" and should have been treated as one crime for sentencing purposes.

Chapter Four, Part A of the Federal Sentencing Guidelines delineates the as-

sessment of points for an offender's prior sentences for the purpose of computing his Criminal History Category. U.S.S.G. § 4A1.2 is the guideline used for determining whether prior sentences are to be treated as one sentence for assigning criminal history points and states in pertinent part:

(a) *Prior Sentence Defined.*

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt whether by guilty plea, trial or plea of *nolo contendere* for conduct not part of the instant offense.

(2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c).

In the present case, the "prior sentences" used to calculate defendant's criminal history points were listed by paragraph number in the presentence report. The prior convictions which are critical to this appeal are found in paragraphs 37 and 38 of the presentence report. These prior convictions shall be identified for convenience herein as offense 37 and offense 38.[1] Offense 37 was for defendant's violation of a temporary protection order occurring on June 19, 1996, and offense 38 was for defendant's breaking and entering Carol Sulik's residence, petty theft, and criminal damaging, which occurred on July 28, 1996.

More specifically, the prior convictions at issue were described as follows: Paragraph 37 of the presentence report listed Case No. 96–CRB–548—"a violation of a Temporary Protection Order, Chardon Municipal Court, Chardon, Ohio," stating:

Because of the cases against Brian Irons involving the same victim, Carol Sulik, on 6/17/96, a Temporary Protection Or-

---

1. Offense 37 and offense 38 are the only prior convictions at issue in this appeal, because the criminal history points assessed for defen-

dant's other prior convictions are not contested.

der was placed by Judge Albert. The order specifically stated that Brian Irons was to refrain from entering the residence, school, business or place of employment of Carol Sulik. . . .

On June 19, 1996, Carol Sulik contacted the Russell Township Police Department and brought them a cassette tape of a message left by Brian Irons. From the contents of the message, police determined that it had been left after the protection order was issued. A warrant was issued for Brian Irons.

On October 24, 1997, defendant pled guilty to this offense and was sentenced to 180 days' confinement.

Paragraph 38 of the presentence report listed Case No. 96–C–0091 for the Geauga County Court of Common Pleas, stating as follows:

On 7/28/96, the victim[ ], the Suliks, called the Russell Township Police Department, Russell Township, Ohio, to report a Burglary to their residence (15650 Chillicothe Road, Russell Township, Ohio). According to daughter, Carol Sulik, she went into her bedroom, touched her pillow, and heard a crackling noise. She found a handwritten note that said "Freak me Baby" and a drawn picture of a hand with "hi" on the palm. The covers were pulled down by police, and a picture of Carol's son (Cameron) was on the bed with a red silk rose on top of the picture. Carol's brother, Ronald Sulik, Jr., advised police that $450 was missing from his bedroom. The Suliks also found damages to two vehicles. Both driver's side tires were flat on a gray 1985 Chrysler (owner, Carol Sulik). No puncture holes were observed. There was also damage to a Chrysler Le Baron convertible which was cut in two areas by the rear plexi-

glass windshield. The rear license plate was pushed in and dented and both passenger side tires were flat. On top of the trunk the letters CAR were etched into the lid.

An indictment was returned. On Count One, defendant was charged with breaking and entering; on Count Two, with burglary; on Count Three, with petty theft; and on Count Four, with criminal damaging. On October 30, 1997, he pled guilty to Counts 1, 3, and 4, and Count 2 was dismissed. He was sentenced to a term of imprisonment of 12 months, 180 days and 90 days, respectively.

According to the United States, offense 37 and offense 38 are not related in terms of the guideline found at U.S.S.G. § 4A1.2(a)(2), and therefore each offense was correctly assessed two criminal history points for a total of four points pursuant to section 4A1.1(b).[2] The United States argues that when these four points are added to the three points assessed for convictions not at issue in this appeal, defendant has a total of seven criminal history points. The United States argues that based on these seven points, defendant is a Category IV offender, and the district court correctly determined that the applicable sentencing range was from 24 to 30 months.

Defendant argues that the district court erred when it found that offense 37 and offense 38 are not "related" within the meaning of section 4A1.2(a)(2). He maintains that because the offenses are related, they should have been treated as one crime for sentencing purposes. This would result in two points being assessed for offense 37 pursuant to U.S.S.G. § 4A1.1(b), and one point being assessed for offense 38 pursuant to U.S.S.G. § 4A1.1(f) for a total of three points.[3] If

---

**2.** Section 4A1.1(b) states "Add two points for each prior sentence of imprisonment of at least sixty days."

**3.** Subsection 4A1.1(f) states: "Add one point for each prior sentence resulting from a conviction of a crime of violence that did not

receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence. . . ."

the offenses at issue are treated as related, defendant would have a total of six criminal history points,[4] and a criminal history category of III, resulting in an 18 to 24 month sentencing guideline range, instead of the 24 to 30 month range for a Category IV offender, which the district court used in sentencing defendant to 28 months' imprisonment.

Thus, this court must decide whether the offenses at issue are "related" pursuant to U.S.S.G. § 4A1.2(a)(2). Application Note 3 to section 4A1.2 provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

■ Defendant argues that Application Note 3 applies in the present case because offense 37 and offense 38 are part of a "single common scheme or plan." We review *de novo* the meaning of the phrase "single common scheme or plan," which is a legal issue. *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996). We review the district court's factual determination that offense 37 and offense 38 were not related by a single common scheme or plan under a clearly erroneous standard of review. *United States v. McAdams*, 25 F.3d 370, 372 (6th Cir.), *cert. denied*, 513 U.S. 939, 115 S.Ct. 342, 130 L.Ed.2d 299 (1994). It is the defendant's burden to prove that the two prior convictions at issue were part of a single common scheme or plan. *Cowart*, 90 F.3d at 159.

The phrase "common scheme or plan" as it is used in Application Note 3 is not defined in the Guidelines. Defendant argues that the offenses at issue are related and are part of a common scheme or plan because they have a common victim and

similar purpose of harassment of that victim, they occurred within a short time period at the same geographic location, and they were both investigated by the Russell Township police.

■ The meaning of the phrase "single common scheme or plan" as used in Application Note 3 to U.S.S.G. § 4A1.2 previously has not been determined by this court. We now join the holdings of the Third, Fifth, Seventh, and Ninth Circuits in this regard. In deciding whether prior offenses are part of a "single common scheme or plan," as would render them "related" under U.S.S.G. § 4A1.2(a)(2) for assigning criminal history points and for treating separate convictions as a single crime, we find that "'scheme' and 'plan' are words of intention, implying that [offenses] have been jointly planned, or at least that ... the commission of one would entail the commission of the other as well." *United States v. Ali*, 951 F.2d 827, 828 (7th Cir.1992). *See also United States v. Robinson*, 187 F.3d 516, 520 (5th Cir.1999); *United States v. Hallman*, 23 F.3d 821, 826 (3d Cir.), *cert. denied*, 513 U.S. 881, 115 S.Ct. 216, 130 L.Ed.2d 144 (1994); *United States v. Chapnick*, 963 F.2d 224, 227 n. 5 (9th Cir.1992).

■ Defendant is, in essence, arguing that the offenses at issue were part of a crime spree intended to harass Ms. Sulik. However, prior convictions are not "related" merely because they are part of a crime spree. As the court in *United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir.1995) stated, "We are not persuaded that the Commission intended criminal behavior prompted by the same root causes of criminal deviance, even a spree of such crimes, to constitute a 'single common scheme or plan' as contemplated by § 4A1.2." *See also United States v. Elmendorf*, 945 F.2d 989, 997 (7th Cir.1991) (refusal to permit a six-bank-robbery

---

4. Three points for related offenses 37 and 38 and three points for prior convictions not at issue.

crime spree to be transformed into a single conviction, because to characterize them as a single crime would give the defendant a "bargain basement wholesale deal" and would "severely undermine[ ] the criminal justice system's ability to protect society and penalize the defendant for his criminal conduct"), *cert. denied*, 502 U.S. 1080, 112 S.Ct. 990, 117 L.Ed.2d 151 (1992). Instead, a defendant has the burden of establishing that his crimes were jointly planned or that the commission of one entailed the other. *United States v. Sexton*, 2 F.3d 218, 219 (7th Cir.1993); *United States v. Woods*, 976 F.2d 1096, 1099–1100 (7th Cir.1992).

■ In the present case, at his sentencing hearing defendant failed to provide evidence that the two separate crimes of (1) violating a protection order obtained by Carol Sulik by leaving a harassing cassette tape at her house on June 19, 1996, and (2) breaking and entering, committing a petty theft of $450 from Ronald Sulik, and criminally damaging two vehicles on July 28, 1996, were planned at the same time or that the commission of one offense entailed the commission of the other. Although defendant's purpose to harass his former girlfriend may have been similar, courts have consistently held that crimes are not "related" merely because each was committed with the same purpose or common goal. *United States v. Velazquez–Overa*, 100 F.3d 418, 423 (5th Cir.1996) (defendant's four prior sentences in state court for indecency with child involving sexual contact were not related), *cert. denied*, 520 U.S. 1133, 117 S.Ct. 1283, 137 L.Ed.2d 359 (1997); *United States v. Chartier*, 970 F.2d 1009, 1016 (2d Cir.1992) (the mere fact that "in engaging in a pattern of criminal behavior, the defendant has as his purpose the acquisition of money to lead a particular lifestyle does not mean that he had devised a single common scheme or plan"); *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir.) ("the fact that both offenses were committed to support one drug habit does not make them related under section

4A1.2"; such reasoning would have "the effect of making related offenses of almost all crimes committed by one individual"), *cert. denied*, 502 U.S. 964, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). This is true even if the prior convictions have the same victim. *United States v. Carroll*, 110 F.3d 457, 460 (7th Cir.1997) (defendant's prior crimes of forgery and theft against his employer not related even though in each case defendant intended to steal from his employer); *United States v. Ford*, 996 F.2d 83, 85–86 (5th Cir.1993) (defendant's four prior state court methamphetamine delivery convictions were "prior sentences imposed in unrelated cases," even though all four charges arose from sales to same undercover officer during six-day period), *cert. denied*, 510 U.S. 1050, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994). As the court in *Carroll* stated, "Forming the same intent at two distinct times to ... steal from an employer ... does not evidence joint planning. Rather, defendant must show that he either intended from the outset to commit both crimes or that he intended to commit one crime which, by necessity, involved the commission of a second crime." 110 F.3d at 460. In the present case, defendant has failed to meet this burden as he presents no evidence that at the same time he took a harassing video cassette to Carol Sulik's residence on June 19, 1996, he decided that a month later he would break into her residence, steal $450 from her brother, and smash cars.

■ On the contrary, the separate dates, different substantive crimes involved, and various victims suggest that defendant's acts of harassment were random "spur-of-the-moment" decisions based on his hostility toward his former girlfriend and her family and that they were not jointly planned. *Id.; Woods*, 976 F.2d at 1099. *Cf. Robinson*, 187 F.3d at 520 (because defendant jointly planned the two deliveries of cocaine, the convictions are related; the second offense was not "a spur of the moment occurrence," but rather an action proposed and planned at the

time of the first offense). Although in the present case, there are some common characteristics between offense 37 and offense 38—they were committed at the same place against the same family—we do not find this sufficient evidence of joint planning. Neither close geographic or temporal proximity commands a finding that the defendant jointly planned the crimes. *Ford*, 996 F.2d at 86 (offenses not related when defendant committed two separate deliveries of heroin within a nine-day period within the same vicinity); *Woods*, 976 F.2d at 1099 (three robberies committed eight days apart not related— "term 'single common scheme or plan' must have been intended to mean something more than simply a repeated pattern of criminal conduct"); *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.) (affirming district court's finding that two prior bank robberies committed ninety minutes apart were not part of a common scheme or plan), *cert. denied*, 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990). In the present case, defendant vented his rage against Ms. Sulik in many different ways, which were not related by a similar modus operandi. There is nothing similar about the crime of violating a protection order by leaving a harassing cassette tape on June 19, 1996 (offense 37), and the crimes of breaking and entering, petty theft, and criminal damaging at the Sulik residence on July 28, 1996 (offense 38). *See United States v. Allen*, 153 F.3d 1037, 1043 (9th Cir.1998) (offenses of theft and aggravated theft bear no factual similarity to offense of issuing false financial statement and are not related for purpose of § 4A1.2), *cert. denied*, — U.S. ——, 119 S.Ct. at 1094, 143 L.Ed.2d 94 (1999). The modus operandi utilized to successfully carry out these crimes is completely different, and offense 37 and offense 38 were committed more than five weeks apart. Moreover, these convictions did not simply involve defendant's former girlfriend, Carol Sulik; in offense 38, there was an additional victim, her brother, Ronald Sulik, as defendant pled guilty to Count Three of the indictment, charging him with petty theft for stealing $450 from Ronald Sulik's bedroom.

In *United States v. Lopez*, 961 F.2d 384, 387 (2d Cir.1992), the court found that even though the offenses were arguably linked by the fact that violence was directed at members of the same family, the convictions were not related pursuant to U.S.S.G. § 4A1.2 because they involved separate criminal acts committed three months apart and were not part of a single plan. A similar rationale applies in the present case. There is simply no evidence that defendant planned offense 37 and offense 38 at the same time or that one entailed the other. The record instead indicates that the multiple actions taken against Carol Sulik and her family were random acts of harassment involving completely different substantive crimes. *See United States v. Cain*, 10 F.3d 261, 263 (5th Cir.1993). The similar motivation to harass Ms. Sulik does not convert these separate convictions for different substantive offenses into related cases within the meaning of section 4A1.2(b). *United States v. Fonville*, 5 F.3d 781, 785 (4th Cir.1993), *cert. denied*, 511 U.S. 1086, 114 S.Ct. 1839, 128 L.Ed.2d 466 (1994). For these reasons, we find that the district court's determination that offense 37 and offense 38 were not related by a common scheme or plan pursuant to U.S.S.G. § 4A1.2 was not clearly erroneous.

### III.

To conclude, the district court did not err in assessing defendant two criminal history points for the offense listed in paragraph 37 and two points for the offense listed in paragraph 38 of the presentence report for a total of four points that, when combined with the three points for offenses not at issue in this appeal, resulted in a criminal history category of IV. The opinion of the district court is **AFFIRMED**.