**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Daniel REED, Defendant–Appellant.**

No. 00–2480.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before RYAN and COLE, Circuit

Judges; WILLIAMS, District Judge.*

Daniel Reed, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, Reed pleaded guilty to unlawful possession of stolen firearms in violation of 18 U.S.C. § 922(j). The district court sentenced Reed to thirty-seven months of imprisonment and twenty-four months of supervised release, and ordered him to pay a $100 special assessment. Reed has filed a timely appeal.

On appeal, Reed asserts the following issue: whether the district court erred when it ruled that Reed's two prior armed robbery convictions were not "related" under USSG § 4A1.2(a)(2).

■ Upon review, we conclude that the district court properly concluded that Reed's prior armed bank robbery convictions were not "related." This court reviews de novo a district court's application of the Sentencing Guidelines, and reviews for clear error the court's factual findings. *United States v. Cowan*, 196 F.3d 646, 647–48 (6th Cir.1999); *United States v. Clements*, 144 F.3d 981, 982 (6th Cir.1998). Under USSG § 4A1.2(a)(2), prior sentences imposed in unrelated cases are treated separately, but prior sentences imposed in related cases are counted as one sentence. Prior sentences are not considered related if they are for offenses separated by an intervening arrest, such as when the defendant is arrested for the first offense prior to committing the second offense. *See* USSG § 4A1.2(a)(2), comment. (n.3); *United States v. Maxwell*, 160 F.3d 1071, 1076 (6th Cir.1998). Other-

wise, prior sentences are to be considered related if they result from offenses that: a) occurred on the same occasion; b) are part of a single common scheme or plan; or c) were consolidated for trial or sentencing. *See* USSG § 4A1.2(a)(2), comment. (n.3).

Reed did not meet his burden of proving that his prior armed robbery convictions were "part of a single common plan or scheme." *United States v. Irons*, 196 F.3d 634, 638 (6th Cir.1999). This court has held that prior convictions can only be deemed "related" if the offenses were "jointly planned" or at least that "the commission of the one [offense] would entail the commission of the other as well." *Id.* Here, the pre-sentence investigation report reflects that on August 24, 1990, Reed and a co-defendant stole the wallet of an unidentified man after displaying a firearm and pressing the firearm against the victim's forehead. On September 6, 1990, Reed entered a D & W Food Store, displayed a firearm, and ordered the cashier to "open your drawer and give me all your money ."

■ There is nothing to support Reed's position that these crimes were committed as part of a single plan or scheme. Contrary to Reed's argument, this court has concluded that prior convictions are not "related" merely because they are part of a crime spree. *Id.* Moreover, prior convictions are not related because they were all motivated by the need to support a drug habit, *United States v. Brown*, 209 F.3d 1020, 1024 (7th Cir.2000); *United States v. Robinson*, 187 F.3d 516, 519 (5th Cir.1999), or because the defendant planned to commit robberies whenever he needed money. *United States v. Butler*, 970 F.2d 1017,

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

1024 (2d Cir.1992). Rather, the defendant must establish that "he either intended from the outset to commit both crimes or that he intended to commit one crime which, by necessity, involved commission of a second crime." *Irons,* 196 F.3d at 639. Reed did not present any evidence indicating that he had intended from the outset to commit both armed robberies, or that he had intended to commit the first armed robbery which, by necessity, involved commission of a second armed robbery. Hence, his prior crimes were not related.

Accordingly, we affirm the judgment of conviction and sentence.