UNITED STATES of America,
Plaintiff–Appellee,

v.

James Larry EMBERTON,
Defendant–Appellant.

No. 01–5785.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.[*]

James Larry Emberton, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of conspiring to manufacture in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On December 8, 2000, Emberton pleaded guilty to the two counts described above pursuant to a written plea agreement. Prior to sentencing, Emberton filed a motion to depart downward based upon his contention that his proposed career offender status overrepresented his criminal history because three prior drug offenses had the same arrest date and were thus related. He renewed his objection to the separate counting of two of these offenses at sentencing but, following testimony by the probation officer, his objection was overruled. The district court sentenced Emberton on May 18, 2001, to 236 months in prison, five years of supervised release, and a $3,000 fine. This sentence was based upon a total offense level of 32 and a criminal history category of VI, re-

[*] The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

sulting in a guidelines sentencing range of 210–262 months.

On appeal, Emberton argues that: (1) the district court erred in failing to find that his three drug convictions were all related; and (2) the district court's placing of the burden of proof for this issue upon the defendant was unconstitutional or unreasonable.

■ Upon review, we affirm the district court's judgment because it is well-established in this circuit that the burden of proof to demonstrate that prior convictions are related is properly placed upon the defendant and because Emberton failed to meet that burden of proof in this case.

Pursuant to USSG § 4A1.2(a)(2), prior sentences imposed in "unrelated cases" are to be counted separately for criminal history purposes, while prior sentences imposed in "related cases" are to be counted as one sentence. Application Note 3 to that guideline further explains:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

It is undisputed that Emberton was arrested for all three crimes on the same day, that the offenses did not occur on the same occasion, and that they were not consolidated for trial or sentencing. Rather, his argument is based upon his contention that his drug convictions were part of a single common scheme or plan to sell drugs.

This circuit has held that the meaning of the phrase "single common scheme or plan" is a legal issue to be reviewed *de novo*, while the district court's factual de-

termination of whether prior offenses are related by virtue of being part of a single common scheme or plan is reviewed for clear error. *United States v. Irons*, 196 F.3d 634, 638 (6th Cir.1999); *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996). The Supreme Court has clarified this standard of review to hold that the reviewing court must also give due deference to the district court's application of the guidelines to the facts. *Buford v. United States*, 532 U.S. 59, 63, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). The defendant bears the burden of proving that the prior convictions at issue were part of a single common scheme or plan. *Irons*, 196 F.3d at 638; *Cowart*, 90 F.3d at 159.

Considering his second issue first, Emberton argues that this placement of the burden of proof upon the defendant is unconstitutional or unreasonable. This court has previously rejected the second contention. *Cowart*, 90 F.3d at 159. Emberton's argument that it is "unreasonable" to place the burden of proof upon the one with access to any information tending to establish a common scheme or plan— i.e., himself—is without merit.

Nor is this burden of proof unconstitutional. The Supreme Court has upheld from constitutional challenge a law placing the burden of proof on the defendant to prove an affirmative defense at trial. *See Patterson v. New York*, 432 U.S. 197, 207–09, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). More recently, the Supreme Court upheld the validity of a state sentence enhancement law that required the defendant to shoulder the burden of proof in establishing the invalidity of a prior conviction. *See Parke v. Raley*, 506 U.S. 20, 26–28, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). It follows that, similarly, the federal sentence enhancement law at issue in Emberton's case may constitutionally require Emberton to show that a prior conviction, once

established by the government, should not be used to enhance his sentence.

 Emberton also cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the propositions that "the court must count any fact that increases the penalty beyond the statutory maximum as an element of the offense except that of a prior conviction" and that it is "unconstitutional for a legislature to treat facts that increase the prescribed range of penalties to which a defendant is exposed as mere sentencing factors rather than facts to be established as elements of the offense." His first proposition is irrelevant as the instant issue does in fact involve prior convictions and his sentence does not exceed the statutory maximum. His second proposition is simply not mandated by the Supreme Court's holding in *Apprendi*. Indeed, the Court has upheld enhancement statutes, including the criminal history provisions of the guidelines, against constitutional challenge. *See Nichols v. United States*, 511 U.S. 738, 747–48, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).

Emberton next asserts that the district court erred by finding that his convictions for selling marijuana in November 1981 and selling methaqualone in February 1982 were not related. His supporting arguments are that the arrest date and the witnesses were the same for each offense. The fact that the arrest date is the same does not necessarily mean that the offenses are related. The application note merely states that an intervening arrest is evidence that they are *unrelated.* The fact that the witnesses were the same for each offense is simply insufficient to establish a common scheme or plan. Under the case law of this circuit, prior convictions can only be considered related if the offenses were "jointly planned" or at least that "the commission of the one [offense]

would entail the commission of the other as well." *Irons*, 196 F.3d at 638. Emberton offered no proof that would meet this standard. On the other hand, the government offered proof that the offenses were separated by over two months, that they involved different drugs, that one conviction was obtained by a guilty plea while the other was obtained by a jury trial, and that the sentences were imposed to run consecutively.

Accordingly, the district court's judgment is affirmed.