**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco NICOLAS–FRANCISCO,**
**Defendant–Appellant.**

**No. 02–5315.**

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

### ORDER

This is a direct appeal in a criminal prosecution in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 14, 2002, a federal grand jury named Francisco Nicolas–Francisco in a one count indictment for having illegally re-entered the United States. Nicolas–Francisco subsequently entered a guilty plea to the indictment and was found guilty on this plea of illegal re-entry into the United States after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2). The district court sentenced Nicolas–Francisco to a seventy-seven month term of incarceration and a three year period of supervised release. This appeal followed.

Counsel for Nicolas–Francisco filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nicolas–Francisco was served with this motion and a copy of the brief and was invited to respond. *See*

*Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Nicolas–Francisco has not filed a formal response on the merits, but he has moved for the appointment of new appellate counsel.

Nicolas–Francisco was deported to his native Guatemala in 1999 after having been convicted of three Florida burglaries and having been incarcerated in a Florida state prison. Nicolas–Francisco was not given permission to return when he was arrested on assault charges in 2001 by law enforcement officers in Tennessee. Nicolas–Francisco agreed to enter a guilty plea to a charge of illegal re-entry and the district court accepted the plea. The court set the matter over for sentencing following the preparation of a pre-sentence report.

The pre-sentence report contained a recommendation that Nicolas–Francisco should be assigned a criminal history category of VI. This recommendation was arrived at, in part, by assigning Nicolas–Francisco three separate three level increases in his criminal history score in recognition of the three burglaries for which Nicolas–Francisco was convicted in Florida state court. The dates of the offenses, all being committed in 1996, are listed as October 4, October 7, and June 4. Nicolas–Francisco was sentenced in Florida state court on October 9, 1996, for all three burglaries. He received concurrent sentences for the offenses and he was deported immediately upon serving out these sentences.

Counsel for Nicolas–Francisco objected at sentencing to the recommendation to assign three level increases for *each* of the Florida convictions, arguing instead that they should merit a *total* three level increase as they were part of a common scheme or course of criminal conduct with-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in the meaning of USSG § 4A1.2(a)(2). The court entertained argument on the objection and counsel for the government agreed that two of the convictions should be consolidated as one. The district court adopted this as its final decision, reducing the total criminal history score by three levels, and changed Nicolas–Francisco's criminal history category from VI to V. Nicolas–Francisco indicated that he still thought all three of the burglaries should have been counted only once under § 4A1.2(a)(2), but his counsel acquiesced on the point. The court proceeded to sentence Nicolas–Francisco to a seventy-seven month term of imprisonment, a sentence "near the midpoint" of the revised guideline range of seventy to eighty-seven months. On appeal, counsel for Nicolas–Francisco raises one arguable issue pursuant to *Anders,* namely, the district court's refusal to consider all three Florida convictions as one for purposes of the criminal history calculation.

The proposed issue lacks merit. Prior sentences of imprisonment are accounted for in establishing a defendant's guideline criminal history category. Only sentences for which a defendant has actually served a period of imprisonment, however, are considered prior sentences of imprisonment under this section. USSG § 4A1.2, comment. (n.2). Section 4A1.2(a)(2) instructs the district court to assess criminal history points for prior sentences of imprisonment as follows:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence.... Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

"[P]rior sentences are considered related if they resulted from offenses that ... were consolidated for trial or sentencing." USSG § 4A1.2, comment. (n.3). Application Note 3 further explains:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

The meaning of the phrase "single common scheme or plan" is a legal issue to be reviewed de novo, while the district court's factual determination of whether prior offenses are related by virtue of being part of a single common scheme or plan is reviewed for clear error. *United States v. Irons,* 196 F.3d 634, 638 (6th Cir.1999); *United States v. Cowart,* 90 F.3d 154, 159 (6th Cir.1996). The reviewing court must also give due deference to the district court's application of the guidelines to the facts. *Buford v. United States,* 532 U.S. 59, 63, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). The defendant bears the burden of proving that the prior convictions in question were part of a single common scheme or plan. *Irons,* 196 F.3d at 638; *Cowart,* 90 F.3d at 159.

It is undisputed that Nicolas–Francisco committed the third burglary in question (the June offense) approximately four months prior to the commission of the other burglaries. The parties agreed that there was no evidence that the June offense was part of a single scheme with the October offenses and, although Nicolas–Francisco was sentenced for all three burglaries on the same day, the Florida court's decision to make the sentences concurrent did not amount to a consolidation in this context. Therefore, even if this issue is preserved for appeal following defense counsel's concession at trial, the dis-

trict court's decision was not clearly erroneous. This claim lacks merit.

Accordingly, the motion to withdraw representation is granted, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.