UNITED STATES of America, Plaintiff–Appellee,

v.

**Gerald Alan HAYES, Defendant–Appellant.**

No. 02–3538.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Gerald Alan Hayes appeals his conviction and sentence for bank fraud in violation of 18 U.S.C. § 1344. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 13, 2001, Hayes was charged by information with bank fraud for engaging in a check kiting scheme involving an Ohio financial institution, Centennial Bank, from approximately May 12, 1999, to May 20, 1999. Hayes waived his right to an indictment and pleaded guilty pursuant to a written plea agreement on November 2, 2001. In a judgment entered May 2, 2002, Hayes was ordered to serve 26 months in prison and 4 years of supervised release, and to pay $31,800 in restitution.

On appeal, counsel contests the assessment of one criminal history point for a Texas conviction, arguing that it was related to the instant offense. Hayes has filed a pro se supplemental brief, arguing that trial counsel rendered ineffective assistance, the government violated his right to a speedy trial, and the district court lacked jurisdiction.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings concerning a defendant's role in an offense for clear error. *United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir.2000).

The claim presented by counsel concerns a Texas conviction for theft by check. On September 20, 1998, in San Antonio, Texas, Hayes had written a check from a closed account in order to buy merchandise. He was arrested on November 23, 2000, and was sentenced in state court on January 18, 2001. Counsel contends that the state and federal offenses were related in time, that the object in both offenses was to obtain funds by writing worthless checks, and that the Texas offense likely would have been consolidated with the federal offenses if it had been prosecuted in federal court.

The Sentencing Guidelines provide that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." USSG § 4A1.2(a)(2). "Prior sentences are considered related if they resulted from of-

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

fenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* at n. 3. In *United States v. Irons,* 196 F.3d 634, 638 (6th Cir.1999), this court held that prior offenses are part of a single common scheme or plan if they were jointly planned or if "the commission of one would entail the commission of the other."

The district court properly concluded that the Texas offense was not related. Hayes does not contend that the offenses occurred on the same occasion or were consolidated, and he has provided no evidence that they were jointly planned or that the commission of one would entail the commission of the others. The arguable temporal proximity of Hayes's offenses does not provide definitive evidence that he jointly planned the offenses. *Id.* at 640. Furthermore, offenses which are merely part of the same crime spree are not deemed to be related, nor are offenses which have the same purpose, such as the acquisition of money. *Id.* at 638–39. Although Hayes possibly has been sentenced more harshly than he would have been if the federal government had charged him with the Texas offense and then listed all offenses in one indictment, this court may not provide relief. *See United States v. Carter,* 283 F.3d 755, 760 (6th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 286, 154 L.Ed.2d 126 (2002). The prevention of any such sentencing disparity in future cases is a matter for the Sentencing Commission to consider. *Id.*

Hayes's pro se arguments lack merit. First, we decline to consider his claim of ineffective assistance because such claims are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993). Second, his claim that the government violat-

ed his right to a speedy trial by not charging him until 16 months after the offense is frivolous. There is simply no constitutional right to be arrested. *Hoffa v. United States,* 385 U.S. 293, 310, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Third, Hayes's challenge to the district court's jurisdiction is also frivolous. The district court had jurisdiction because Centennial was insured by the Federal Deposit Insurance Corporation, a fact which Hayes conceded at his plea hearing. *See United States v. Ali,* 266 F.3d 1242, 1245 (9th Cir.2001); *United States v. Scott,* 159 F.3d 916, 921 (5th Cir.1998); *see also United States v. Hoglund,* 178 F.3d 410, 412–13 (6th Cir.1999) (listing elements of offense).

Accordingly, the district court's judgment is affirmed.