**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin S. TRUSS, Defendant–Appellant.**

No. 02–3341.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before NELSON, BOGGS and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant Kevin Truss appeals the district court's finding that he qualified as a career offender under § 4B1.1 of the Sentencing Guidelines. In particular, Truss argues that the two prior convictions upon which the district court relied in making this finding were: (1) too remote in time to be considered, and (2) related so that they should be counted as a single offense. Because the district court properly concluded that Truss's prior convictions were not too remote and were, in fact, unrelated, we now AFFIRM the sentence imposed by the district court.

## I. BACKGROUND

On March 22, 2001, Kevin Truss and Wayne Banks robbed Wheeling National Bank in Columbus, Ohio, leaving the bank with $1620.00 in United States currency, including twelve marked bills. Truss and Banks were apprehended shortly thereafter as they drove away from the bank. Law enforcement officers recovered a loaded .380–caliber semi-automatic pistol as well as the stolen currency.

On August 16, 2001, Truss and Banks were charged in a two-count information with committing armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d), and carrying a weapon during a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i).

On October 4, 2001, Truss entered a plea of guilty to both counts. On March 15, 2002, the district court held a sentencing hearing. The district court determined that Truss was a career offender pursuant to Guideline § 4B1.1. The district court increased Truss's offense level by three for sentences imposed on August 19 and May 1, 1985. Ultimately, the district court granted a five-level downward departure pursuant to the government's § 5K1.1 motion. Truss therefore had an offense level of 26 and was in Criminal History Category VI. The district court sentenced Truss

to serve 120 months in prison for the armed robbery charge, to be followed by sixty months in prison on the carrying charge.

Truss's prior convictions included aggravated robbery and aggravated burglary. Specifically, on January 30, 1985, Truss was convicted of aggravated robbery in Ohio state court. On August 19, 1985, he was sentenced to serve seven to twenty-five years of imprisonment on this charge. On March 1, 1985, Truss was convicted of aggravated burglary. On May 1, 1985, Truss was sentenced to serve five to twenty-five years for this conviction. On April 18, 1994, Truss was paroled from the sentences for both of these convictions.

## II. ANALYSIS

On appeal, Truss raises two issues relating to the district court's determination that he was a career offender under Sentencing Guidelines ("Guidelines") § 4B1.1. First, Truss claims that his prior convictions were too remote in time to be counted under § 4B1.1, arguing that these convictions took place in 1985—more than fifteen years prior to his 2002 conviction for the instant offense. Second, Truss argues that his two prior convictions are related, and, therefore, that they should be treated as a single conviction, which would not qualify him for enhancement under § 4B1.1 (which requires *two* prior felony convictions).

We review questions of law relating to the application of the Guidelines *de novo. United States v. Humphrey,* 279 F.3d 372, 379 (6th Cir.2002). We review more deferentially a district court's application of a guideline to an undisputed factual situation, such as the determination of whether a defendant's prior convictions were "related" for sentencing purposes. *Id.* at 379 n. 4 (citing *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) and *Buford v.*

*United States,* 532 U.S. 59, 65–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)).

The Career Offender provision, Guideline § 4B1.1, states in pertinent part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a); *see also United States v. Harris,* 165 F.3d 1062, 1067 (6th Cir.1999). "Crime of violence":

[M]eans any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a); *see also Harris,* 165 F.3d at 1067. The Guidelines commentary explains " '[c]rime of violence' includes . . . robbery . . . and burglary of a dwelling. . . ." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1.

For purposes of § 4B1.1, the term "[t]wo prior felony convictions" means:

(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.,* two felony convictions of a crime of violence, two felony

convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial or plea of *nolo contendere.*

U.S. Sentencing Guidelines Manual § 4B1.2(c). The Guidelines commentary describes a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n. 1. The parties do not appear to dispute that to the extent Truss's prior convictions for aggravated robbery and aggravated burglary are not too remote, these past convictions qualify as "prior felony convictions" under § 4B1.1.

### A. Remoteness

Truss's argument that his prior convictions were too remote fails under the plain language of the Guidelines. "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n. 4; *see also United States v. Schultz,* 14 F.3d 1093, 1101 (6th Cir.1994). Section § 4A1.2(e) describes the applicable time period as follows:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. *Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.*

U.S. Sentencing Guidelines Manual § 4A1.2(e) (emphasis added).[1]

Although Truss was convicted for aggravated robbery and aggravated burglary in 1985, he was incarcerated in connection with these crimes until 1994, when he was paroled. Thus, under the plain language of § 4A1.2, Truss's prior convictions are not too remote. Regardless of the fact that these sentences were "imposed" in 1985, these convictions "resulted in the defendant being incarcerated during [a] part of [the] fifteen-year period" prior to his conviction for the instant offense, which occurred in 2002. *Id.*

Thus, the district court properly stated "4A1.2(e)(1) is clear . . . [a]nd it's clear . . . that these prior offenses fall within that period contemplated by 4A1.2(e)(1). The instant offense took place on March 22 and the defendant was serving the term of imprisonment within the 15-year period for both offenses and therefore they are countable."

### B. Relatedness

Essentially, Truss argues that his two prior convictions were related because

---

1. Likewise, Application Note 1 of the Commentary to Guidelines § 4A1.1, which addresses "Criminal History Category," explains that "[c]ertain prior sentences are not counted or are counted only under certain conditions." In particular, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. *See § 4A1.2(e)."* U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n. 1.

they were part of a single crime spree. Specifically, Truss explains that he "was convicted and sentenced for a string of burglaries. Mr. Truss was also convicted for a burglary with the use of a weapon, specifically a robbery. The robbery however, was an extension of the string of burglaries." Truss describes the burglaries thus:

> Between November 15, 1984 and December 20, 1984, the City of Reynoldsburg, Ohio experienced fourteen separate aggravated burglary offenses. All of the burglary offenses possessed similar characteristics wherein a pry bar was used to obtain entry into the residence. The pry bars used had similar characteristics and matched those pry marks found on all the offenses committed during the course of the investigation. . . .

Together, Truss and Banks committed this string of burglaries. Truss explains that the aggravated robbery was based on his attempt, with Banks, to perpetrate another burglary. However, while they were in the home of Robert Waugh, Waugh and a friend returned home, Banks or Truss pointed Waugh's own gun at Waugh and the friend, before saying, "Let us out" and leaving.

Guidelines § 4A1.2(a)(2) requires that prior sentences in related cases be counted as a single sentence and prior sentences in unrelated cases be treated separately. U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(a)(2). The Guidelines Commentary explains that prior sentences will be considered related if they occurred on the same occasion, were part of a common scheme or plan, or were consolidated for

trial or sentencing, unless they were for offenses that were separated by an intervening arrest. U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.3.[2] Truss only argues that the string of burglaries constituted a "single common scheme or plan" making his past convictions related.

This Court has previously addressed whether prior convictions are related because they were part of a "single common scheme or plan." *See United States v. Irons*, 196 F.3d 634, 638 (6th Cir.1999). In *Irons*, this Court joined the Third, Fifth, Seventh, and Ninth Circuits in holding that " 'scheme' and 'plan' are words of intention, implying that offenses have been jointly planned, or at least that the commission of one would entail the commission of the other as well." *Id.* (modifications omitted).

"[P]rior convictions are not 'related' merely because they are part of a crime spree." *Id.* Quoting the Second Circuit, this Court stated, " 'We are not persuaded that the Commission intended criminal behavior prompted by the same root causes of criminal deviance, even a spree of such crimes, to constitute a "single common scheme or plan' as contemplated by § 4A1.2." ' " *Id.* (quoting *United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir.1995)). Thus, a defendant "has the burden of establishing that his crimes were jointly planned or that the commission of one entailed the other." *Id.* at 639.

■ Truss has not demonstrated that he planned the burglary and the robbery at the same time, intending at the outset to commit both crimes. *Id.* Nor has he demonstrated that the commission of the burglary entailed the commission of the

---

2. The Commentary warns that the definition of relatedness is "overly broad" and, as a result, courts may have to depart upward based on the defendant's criminal history where the relatedness assessment results in a

criminal history score that seriously underrepresents the seriousness of the defendant's criminal history. U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n. 3.

robbery or vice versa. *Id.* Rather, Truss suggests that the aggravated burglary and aggravated robbery were committed in a similar manner and for a common purpose—to steal. Truss claims that he used the same *modus operandi* for the various crimes, which may suggest, at best, that Truss planned how he would commit the various crimes before embarking on the spree. While the *Irons* Court apparently considered pertinent that a different *modus operandi* was used to carry out the crimes at issue in that case, *id.* at 640, the fact that Truss claims to have used the same *modus operandi* in the crimes committed here is not enough to command a finding of relatedness. Truss's claimed *modus operandi* is simply that he used a pry bar to break into more than one home; this is hardly enough to demonstrate, without more, that the aggravated robbery and aggravated burglary were commonly planned or that one was necessary to the completion of the other. Crimes are not necessarily related because they are "similar" in nature, committed for the same purpose, or have a common goal. *Id.* at 639. Truss's argument that the crimes occurred in a single town, Reynoldsburg, during the period of about one month likewise is unavailing. "Neither close geographic or temporal proximity commands a finding that the defendant jointly planned the crimes." *Id.* at 640.

Giving appropriate deference to the district court, we cannot find that the district court erred in concluding that Truss's prior convictions for aggravated burglary and aggravated robbery were not related.

## III. CONCLUSION

For the reasons stated herein, the judgment of the district court is AFFIRMED.