**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Dale RAUCH,
Defendant–Appellant.**

No. 03–5608.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Mark Wettle, Louisville, KY, for Defendant–Appellant.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.[*]

### ORDER

Christopher Dale Rauch appeals the sentence imposed upon his plea of guilty to possessing a controlled substance with intent to distribute it and being a felon in possession of a handgun. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Because Rauch had two prior felony burglary convictions, the district court sentenced Rauch as a career offender under United States Sentencing Guidelines § 4B1.1 and imposed a sentence of 188 months of imprisonment.

Rauch appeals his sentence on the ground that his burglary convictions are related cases that should be counted as a single sentence and that he should not, therefore, be classified as a career criminal.

We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). We conduct a de novo review where a matter presents strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002).

Upon review, we conclude that the district court did not err. Section 4A1.2(a)(2) requires that prior sentences in related cases be counted as a single sentence and prior sentences in unrelated cases be treated separately. USSG § 4A1.2(a)(2). The Guidelines Commentary explains that prior sentences will be considered related if they occurred on the same occasion, were part of a common scheme or plan, or were consolidated for trial or sentencing, unless they were for offenses that were

[*] The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

separated by an intervening arrest. USSG § 4A1.2 cmt. n. 3. Rauch only argues that his two prior felony convictions for burglary were a part of a "single common scheme or plan."

Whether prior offenses are part of a "single common scheme or plan," as would render them "related" under USSG § 4A1.2(a)(2), depends on whether the offenses were jointly planned, or the commission of one would entail the commission of the other as well. *United States v. Irons*, 196 F.3d 634, 638 (6th Cir.1999). Rauch has the burden of establishing that his prior burglaries were jointly planned or that the commission of one entailed the commission of the other. *Id.* at 639.

Rauch failed to show that he either intended from the outset to commit both crimes or that he intended to commit one crime which, by necessity, involved the commission of a second crime. Rauch argues that he met his burden by showing that the same two people—Rauch and his coconspirator—were involved in numerous residential burglaries, the burglaries were each committed in the same way, the burglaries were committed in a limited geographical area, and the burglaries occurred within six days of each other. Thus, Rauch contends that the burglaries should be considered a crime spree rather than separate offenses. "However, prior convictions are not 'related' merely because they are part of a crime spree," *id.* at 638, and forming the same intent to burgle at two distinct times does not evidence joint planning. *See id.* at 639. In addition, neither geographical proximity nor temporal proximity commands a finding that the defendant jointly planned the crimes, *id.*, and crimes are not necessarily related because they are similar in nature, committed for the same purpose, or have a common goal. *Id.*

The burglaries in question were separated by a period of five days which suggests that the crimes were not jointly planned. *See id.* Moreover, Rauch offered nothing at sentencing to suggest how he and his coconspirator planned any of the burglaries. Giving appropriate deference to the district court, we cannot find that the district court erred in concluding that Rauch's prior convictions for burglary were not related.

To the extent that Rauch argues for the adoption of the interpretation of "single common scheme or plan" as set forth in *United States v. Breckenridge*, 93 F.3d 132, 137–38 (4th Cir.1996), his argument is not well-grounded. This court rejected the *Breckenridge* interpretation by virtue of its decision in *Irons*.

Accordingly, we hereby affirm Rauch's sentence.