NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0699n.06

No. 08-5930

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Oct 28, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,    )
    )
    Plaintiff-Appellee,    )
    )
v.    )    On Appeal from the United
    )    States District Court for the
BRANDON JACKSON,    )    Eastern District of Kentucky
    )
    Defendant-Appellant.    )

**O P I N I O N**

BEFORE:    **COLE, NORRIS, Circuit Judges; and ADAMS**, **District Judge**.[*]

**ADAMS, District Judge.**  Appellant Brandon Jackson ("Appellant") appeals from the

district court's Judgment of Sentence and Conviction ("Judgment") in which it sentenced Appellant

to 162 months to be served consecutively to a similar sentence in the United States District Court

for the Southern District of Ohio. Jackson pled guilty in the Eastern District of Kentucky to a

violation of 18 U.S.C. § 924(c)(1), brandishing a firearm during and in relation to the armed robbery

of a credit union. He now contends that the sentence imposed in Kentucky should not have been

consecutive to the sentence imposed in the Southern District of Ohio, and that the district court

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of
Ohio, sitting by designation.

improperly denied his motion to dismiss the Kentucky charges on the basis of collateral estoppel.

For the reasons set forth herein, we affirm the decision of the district court.

FACTUAL AND PROCEDURAL HISTORY

From October 29, 2005, to December 13, 2005, Appellant and a co-defendant (whose sentence is not at issue in this matter) participated in a string of armed robberies, nine of which occurred within the Southern District of Ohio ("Ohio robberies") and one of which occurred in the Eastern District of Kentucky ("Kentucky robbery"). The Kentucky robbery occurred on November 23, 2005, and was the eighth in the spree. Appellant was arrested on December 13, 2005, following the last of the Ohio robberies, which was that of a credit union in Cincinnati, Ohio. During the course of his subsequent conversations with the Cincinnati Police, Appellant confessed to each of the robberies, including the robbery of a Kentucky credit union.

On December 21, 2005, Appellant was indicted in the Southern District of Ohio on eight counts. A three-count indictment was handed down against Appellant on January 11, 2006, in the Eastern District of Kentucky. In addition to a forfeiture count regarding the firearm used by Appellant during the robberies, the Kentucky indictment included the following offenses:

1. A violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2, namely that he took $24,350 from the C&O Credit Union, the deposits of which were insured, and in doing so that he assaulted and put in jeopardy the life of others by the use of a dangerous weapon;

2. A violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2, namely that he knowingly used, carried and brandished a firearm during the commission of a crime of violence.

Appellant entered into a plea agreement in the Southern District of Ohio ("Ohio plea agreement") on March 13, 2006, in which he pled guilty to bank robbery (18 U.S.C. § 2113(a) and (d)) and use of a firearm (18 U.S.C. § 924(c)(1)(A)(ii)). The court sentenced him to 166 months in prison.

On May 4, 2007, Appellant filed a Motion to Dismiss the Kentucky charges on the basis of collateral estoppel. He argued that he had been led to believe that the Kentucky charges were subsumed under the plea agreement in Ohio. As a result, he believed that the government was estopped from prosecuting him in Kentucky, and that any such prosecution would violate the double jeopardy clause.

The Magistrate Judge reviewed the motion and issued a Report and Recommendation ("Report") recommending that it be denied. On September 5, 2007, the district court adopted the Report and denied Appellant's motion. Appellant subsequently filed a series of pro se motions urging dismissal of the indictment, each of which the district court denied.

In its initial Pre-sentence Report ("PSR"), the Probation Office treated the Kentucky charges as unrelated to the charges and sentence in Ohio. Appellant objected, and Probation issued a new PSR, amending its recitation of any related cases to include the Ohio conviction. Appellant filed a Sentencing Memorandum with the district court on July 16, 2007, arguing that the court should not treat the Kentucky charges as unrelated to the Ohio charges. On July 21, 2007, Appellant entered into a plea agreement under which he pled guilty only to the firearms count of the Indictment, 18 U.S.C. 924(c). The district court entered its Judgment on July 22, 2008, overruling Appellant's

3

objection to treating the Kentucky charges as unrelated to the Ohio charges. The district court sentenced Appellant to 162 months to run consecutively to Appellant's Ohio sentence.

As he did before the district court, Appellant now points to the statement of facts incorporated into the Ohio plea agreement as evidence that the Kentucky charges were being resolved along with the Ohio charges, or at least as evidence that he could not have known otherwise. Appellant contends that the Ohio plea agreement made repeated reference to the Kentucky robbery. First, it referenced the fact that the same weapon was used in each of the armed robberies Appellant committed. Next, it detailed the commission of the robbery in Kentucky in the course of detailing the Ohio robberies. Finally, it set forth the following:

> Brandon Jackson was apprehended shortly after his final armed robbery on December 13, 2005. The firearm described above, used in all of the armed robberies, was recovered at that location. Brandon Jackson was advised of his Miranda rights, following which he voluntarily admitted his responsibility in committing all of the above described acts. In summary Brandon Jackson conspired to commit and did commit ten armed robberies, five of which involved financial institutions whose deposits or accounts were federally insured. All of the aforementioned conduct occurred in the Southern District of Ohio.

Appellant has raised three issues for this court's review: first, whether the district court erred in utilizing the Ohio conviction as grounds for imposing a consecutive sentence; second, whether the district court erred in denying Appellant's Motion to Dismiss on the grounds of collateral estoppel; and third, whether the district court erred in treating the Kentucky offense as unrelated to the offenses in the Ohio conviction for purposes of U.S.S.G. § 4A1.2(A)(2).

ANALYSIS

1.    Consecutive Sentence

Appellant attempts to argue that the Ohio plea, which provided the predicate offense upon which the § 924(c) consecutive sentence in the Eastern District of Kentucky was based, was not knowingly and voluntarily entered and therefore could not form the basis of the Kentucky plea agreement. We reject this argument. Appellant cannot bring the voluntariness of the Ohio plea before the court in these proceedings. The court affirms the district court's imposition of a consecutive sentence.

2.    Collateral Estoppel

The Fifth Amendment of the United States Constitution provides that no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "Collateral estoppel is included within the scope of the double jeopardy clause of the fifth amendment. The doctrine precludes an ultimate issue of fact necessarily decided in a defendant's favor in a prior criminal proceeding from being relitigated in a subsequent criminal action against the defendant." *United States v. Jenkins*, 902 F.2d 459, 462 (6th Cir. 1990) (citing *Ashe v. Swenson*, 397 U.S. 436, 443-46 (1970) (internal citations omitted)). A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed de novo. *In re Ford*, 987 F.2d 334, 339 (6th Cir. 1992).

Appellant argued in his Motion to Dismiss in the district court that the Ohio plea agreement included the Kentucky offense, and that any further attempt to prosecute the Kentucky offense violated the principle of collateral estoppel. According to Appellant, the inclusion of the Kentucky offense in the recitation of the facts in the Ohio plea agreement, and particularly the way in which it was phrased,  necessarily and foreseeably caused Appellant to believe that the plea agreement

included the Kentucky offense. In the Kentucky plea agreement, Appellant reserved his right to appeal the district court's ruling on his motion.

Appellant's argument is without merit. The Ohio indictment did not include the Kentucky offense. Nowhere in the Ohio plea agreement did the government indicate that it would refrain from prosecuting Appellant on other pending charges. In fact, the plea agreement stated that it did not "bind United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities." The Kentucky offense was never litigated in the Southern District of Ohio, nor was any judgment issued on that offense in the Southern District of Ohio.

While the statement of facts in the Ohio plea agreement did misstate that all of the offenses committed by Appellant occurred in the Southern District of Ohio, such a misstatement would appear to militate against Appellant's interpretation that the Ohio plea agreement would encompass an offense that did not occur in the Southern District of Ohio. The district court correctly adopted the Magistrate Judge's Report and Recommendation and denied Appellant's motion, and its judgment is affirmed.

3.     Relatedness

In his final argument, Appellant contends that the district court erred in treating the Kentucky case as unrelated to the Ohio case for purposes of calculating his criminal history category. Section 4A1.2(a)(2) of the Sentencing Guidelines provides as follows:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2). The commentary to § 4A1.2(a)(2) states that

> [p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment (n.3).

A defendant bears the burden of proving that his prior convictions were part of a single common scheme or plan for purposes of demonstrating relatedness. *See United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999). The United States Supreme Court has held that the reviewing court must accept findings of fact unless they are clearly erroneous, and must give due deference to the district court's application of the guidelines to the facts. *Buford v. United States*, 532 U.S. 59 (2001).

Appellant does not attempt to argue that the Ohio and Kentucky cases had been consolidated for purposes of sentencing or that the offenses occurred on the same occasion. Instead, he argues that they were part of a common scheme or plan, and that, had the district court properly determined that they were related offenses, the criminal history points assigned would have been lower. As support for his argument, Appellant notes that he used the same gun for all of the robberies he committed and he committed the robberies within a two-month period with the same co-defendant.

Appellee cites a Sixth Circuit decision, *United States v. Gonzalez*, 21 Fed. Appx. 393, 396-97 (2001), in which the appellant had robbed six convenience stores in one month, each time apparently seeking ready cash to support his drug addiction, and had then argued that the crimes were related

for sentencing purposes. Citing the earlier decisions of *United States v. Cowart*, 90 F.3d 154 (6th Cir. 1996) and *United States v. Irons*, 196 F.3d 634 (6th Cir. 1999), this court concluded that the crimes in *Gonzalez* were not related, despite the existence of a similar *modus operandi* and the close temporal proximity of the offenses.

In *Cowart*, the appellant argued that three robberies of three separate banks committed on different dates were related crimes, citing as his support the similar *modus operandi*. The court rejected his argument and stated that

> [T]he simple sharing of a *modus operandi* cannot alone convert three separate bank robberies on three different dates of three different banks into one offense by virtue of their being a single common scheme or plan . . . As the district court found, the robberies occurred on different dates in different towns and resulted in sentences by different judges in different courts. These findings are ample support for the legal conclusion that the robberies were not part of a common scheme or plan, and there is no other evidence in the record to suggest that these crimes were otherwise "related."

*Cowart*, 90 F.3d at 160.

This court concluded in *Irons* that an appellant's repeated threatening gestures toward a girlfriend, including mailing a threatening video tape and breaking into the girlfriend's residence, were not part of the same common scheme or plan. *Irons*, 196 F.3d at 638. Joining with several other circuits, the court held that "'scheme' and 'plan' are words of intention, implying that [offenses] have been jointly planned, or at least that . . . the commission of one would entail the commission of the other as well." *Id.* (quoting *United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992)). Further, the court reasoned that "prior convictions are not 'related' merely because they are part of a crime spree." *Id.*

Appellant committed nine robberies of nine different banks in different cities over a period of nearly two months, and the robbery at issue in the instant appeal occurred in a different state than all of the other robberies. There is no evidence that Appellant's actions amounted to anything more than a crime spree, that the commission of one robbery necessarily entailed the commission of another, or that anything other than a common *modus operandi* connected the crimes. As set forth by this court in both *Cowart* and *Irons*, there is no basis in this case for treating the Kentucky robbery as part of a common scheme or plan with the Ohio robberies. Based upon the precedent set forth by this court, the district court properly concluded that the crimes were not part of a common scheme or plan and were, in fact, unrelated. The decision of the district court is affirmed.

## CONCLUSION

For the reasons set forth above, each of the errors assigned by Appellant is without merit. We affirm the judgment of the district court.